Filed March 26, 1886.

---

No. 12,353.

## SECOR ET AL. *v.* SKILES ET AL.

SUPREME COURT.— *Weight of Evidence.*—*Practice.*—Where there is any evidence tending to support the finding of the trial court, the Supreme Court will not weigh the evidence, but will affirm the judgment.

From the Huntington Circuit Court.

*J. C. Branyan, J. B. Kenner, M. L. Spencer, J. I. Dille, R. A. Kaufman* and *W. A. Branyan,* for appellants.

*W. H. Trammel* and *T. L. Lucas,* for appellees.

MITCHELL, J.—This was an attempt by proceedings supplemental to execution to subject certain funds, which were in the hands of the clerk of the circuit court of Huntington county, to the satisfaction of an execution issued on a judg-

ment recovered against Skiles, in favor of Secor, Berdan & Co.

A proceeding in attachment had been commenced against Skiles by the latter, the alleged ground therefor being that Skiles had fraudulently sold his property subject to execution with intent to defraud his creditors. A stock of groceries was seized by the sheriff in pursuance of the command of the writ sued out in the proceedings in attachment. Pending the suit the stock was sold by the sheriff, pursuant to an order of the court.

Something over three thousand dollars was realized on the sale. This amount was paid over to the clerk. The proceedings in attachment were not sustained at the trial. The alleged fraudulent sale was a transfer of the stock by Skiles to Denman. The appellants and other creditors who had filed under the attachment proceeding, recovered personal judgments against Skiles, and upon various judgments and claims in favor of creditors of the latter, all the money in the hands of the clerk, except the sum of about $1,200, had been paid out upon orders drawn by Skiles and Denman. They refused to pay the appellants' judgment, amounting to $437.84. Execution was issued on this judgment and returned no property found. Thereupon this proceeding was commenced to reach the money remaining in the hands of the clerk.

It was alleged that the money belonged to Skiles, and that he unjustly refused to apply it to the satisfaction of the plaintiffs' judgment. Denman, although nominally a party when this proceeding was commenced, was not summoned and did not appear. He is not named as a party to the amended complaint.

Buchanan, the clerk, who was made a party, answered, admitting that the money was in his custody, and asking the order and judgment of the court for his protection. Skiles answered in denial.

Upon the hearing the court found that Skiles was not the

owner of the money in the clerk's hands. Judgment was given accordingly for the defendants.

The contention here is that the finding and judgment of the court are not sustained by the evidence.

The plaintiffs' judgment was recovered at the June term, 1883, of the Huntington Circuit Court. It appeared in evidence that on the 12th day of March, 1883, a written agreement of sale was made by Skiles to Denman. By this agreement the entire stock of the former was transferred to the latter, the consideration, as recited, being that the latter should pay the actual·cash value of the stock as it might be ascertained by an invoice. One thousand dollars was to be paid upon the completion of the invoice, and the residue in four equal payments, to be secured by the notes of the purchaser, due in three, six, nine and twelve months respectively.

While the invoice was being taken, and before it was completed, the stock was seized upon writs of attachment sued out against the property of Skiles.

After the property was sold by order of the court, and the money paid into the clerk's hands, and after it was adjudged that the attachment proceeding was not sustained, Skiles and Denman joined in orders upon the clerk for the payment of various sums out of the fund to the creditors of Skiles. It may be inferred from the evidence that the money in the clerk's hands was treated as Denman's, and that the sums paid to the creditors of Skiles on the orders were treated as payments by Denman to Skiles, on account of the purchase-price of the stock.

The court must have found that the sale from·Skiles to Denman was a valid sale. There was evidence, although not of an entirely satisfactory character, which tended to support this view.

Where there is any evidence tending to support the finding of the *nisi prius* court, the rule of this court is not to weigh the evidence, and decide according as it may prepon-

derate, but to affirm the finding below. Under this rule the finding and judgment of the circuit court must be affirmed, with costs.

Filed March 31, 1886.