FEIGHNER ET AL. *v.* DELANEY.

[No. 2,374. Filed October 12, 1898.]

MALICIOUS PROSECUTION.—*Action Against Corporation.—Complaint.* —An allegation of the complaint, in an action against a corporation for malicious prosecution, that "the defendant William Feighner and the said Peerless Stamping and Glass Company, by its president, William Feighner, and its officers and agents, at the instigation and procurement of said company, falsely and maliciously, and without probable cause, procured the plaintiff to be indicted," etc., sufficiently charged that the prosecution was procured by the corporation. *p. 37.*

SAME.—*Record of Criminal Prosecution as Evidence.*—Where, in an action for malicious prosecution, it is sought to prove by a transcript of the record the existence of the criminal prosecution, as alleged, and its dismissal upon motion to *nolle prosequi* by the prosecuting attorney, a letter submitted with such motion, and in support thereof, is no part of the record, and is not admissible in evidence. *pp. 37-39.*

From the Tipton Circuit Court. *Reversed.*

*John A. Kersey* and *R. B. Beauchamp*, for appellants.
*Waugh, Kemp & Waugh* and *Roscoe Kimple*, for appellee.

BLACK, J.—The appellee sued the appellants, the Peerless Stamping and Glass Company and William Feighner, to recover for malicious prosecution. The court overruled a motion to require the appellee to make the complaint more specific, and also overruled a demurrer to the complaint for want of sufficient facts.

In the meager reference to these rulings in one of the briefs for the appellants, the criticisms of the pleading seem to be directed to the allegation of the complaint that "the defendant William Feighner and the said Peerless Stamping and Glass Company, by its president, William Feighner, and its officers and agents, at the instigation and procurement of said company, falsely and maliciously, and without probable cause, procured the plaintiff to be indicted," etc. This, we think, was not merely an allegation that the act complained of was done by officers and agents, but was a sufficient charge of the doing of the act by the corporation; and it was not necessary to state further than was done the names of the officers and agents, or their relation to the corporation, or to set forth particularly the manner in which the defendants procured the prosecution, or to further show that the corporation authorized or ratified the action of its officers and agents. It is sufficient, in pleading, to state the issuable facts, without setting forth the evidence by which they are to be proved. *Wabash R. Co.* v. *Savage*, 110 Ind. 156; *Indiana Bicycle Co.* v. *Willis*, 18 Ind. App. 525.

Each of the appellants answered by general denial. There was a special verdict, and the court overruled separate motions of the appellants for a new trial. On the trial the appellee offered in evidence a transcript of the record in the criminal prosecution against him, certified by the clerk of the Miami Circuit Court, to

which the venue had been changed from the Grant Circuit Court, where the prosecution was commenced. This transcript contained an entry of record in the Miami Circuit Court, showing that Joseph N. Tillett, prosecuting attorney, moved the court to *nolle prosequi* the cause; that the court sustained this motion; and that it was ordered "that said cause be, and is hereby, *nolle pros'd,* and said defendant is now discharged without day." In connection with this entry in the transcript was set out a copy of the motion of the prosecuting attorney. This motion, omitting its caption and the signature thereto of said prosecuting attorney, was as follows: "Comes now Joseph N. Tillett, prosecuting attorney for the county of Miami, in the State of Indiana, and moves the court to enter a *nolle prosequi* in the above entitled cause, and shows the court that the said cause is in this court upon a change of venue from Grant county, that your petitioner knows nothing of the facts of the case, but that the prosecuting attorney of Grant county, Orlo L. Cline, desires the dismissal of the case, because, in his opinion, the State has not sufficient evidence to convict the defendant. The letter of said Orlo L. Cline is attached hereto." Following this motion in the transcript so offered in evidence is a copy of a letter, dated at Marion, Indiana, and addressed to J. N. Tillett, Prosecuting Attorney, Peru, Indiana, and proceeding as follows: "Dear Sir: Your letter informing me of the setting of case of State of Indiana v. Delaney, on charge of arson, was received in due course of mail. I have come to the conclusion, after consulting with the parties that know about the facts, that there is not sufficient evidence to secure a conviction, and suggest for that reason the case be dismissed, whenever you see fit to do so. I never did think the case a very good one. All the evidence we have is circum-

stantial. No one of our witnesses can identify the defendant, and not even give their best judgment as to the person being the defendant, although two of our witnesses saw the party who attempted to burn the building, and they are both acquainted with the defendant. I don't think it is proper to take the time of the court to try the case, when have no stronger evidence than we have. Yours truly, Orlo L. Cline." The appellant objected to the introduction and reading to the jury of that portion of this transcript which consisted of a copy of the letter purporting to have been written by the prosecuting attorney of the Grant Circuit Court to the prosecuting attorney of the Miami Circuit Court; but the court overruled the objection, and permitted the entire transcript to be read in evidence. It cannot be doubted that such a letter in evidence would be influential with the jury. It is manifest that if the letter alone were offered in evidence on the trial of the case at bar, it would be inadmissible. It seems to have been admitted because it was regarded as a part of the record of the criminal prosecution, whose termination it was proper to prove by the record of the Miami Circuit Court. The statute, section 1742, Burns' R. S. 1894 (1673, Horner's R. S. 1897), provides: "No indictment shall be *non prossed* or information dismissed, except by order of the court on motion of the prosecuting attorney; and such motion must be in writing, and the reasons therefor must be stated in such motion and read in open court before such order is made."

We are not required to determine whether or not the written motion of the prosecuting attorney on which alone an indictment may be *"non prossed"* is necessarily a part of the record without a bill of exceptions. The motion set forth in the transcript offered in evidence is not one immediately relating to

and founded upon matters of record in the cause in which the motion was made, but is one founded on reasons therein stated, which are not matters of record in that cause. Perhaps, therefore, it should not be regarded as a direct motion constituting a part of the record. See Elliott App. Proc., section 191. But, even if the motion itself be properly regarded as a direct motion, and as constituting a part of the record, the letter submitted with the motion in support of its statement of reasons why the indictment should be *"non prossed,"* did not constitute a part of the record. The proper purpose of the appellee in the case at bar, so far as the record of the Miami Circuit Court was concerned, was to prove the existence of the criminal prosecution as alleged, and its ending with the discharge of the appellee, before the commencement of the action for damages. This proof could have been made without the reading of the letter in evidence, and the letter could not add anything proper to the same effect. The judgment is reversed, and the cause is remanded for a new trial.