## CITIZENS STREET RAILROAD COMPANY v. CLARK.

[No. 4,533.   Filed May 19, 1904.]

CARRIERS.—*Street Railroads.*—*Assault on Passenger.*—*Ejection from Car.*— A street railroad company is bound to protect a passenger on its car from assault and battery and injury by its servants, and its liability for a breach of such duty does not depend upon the assault being committed by one acting within the scope of his employment. *p. 191.*

EVIDENCE.—*Inferences.*—Where in an action against a street railroad company for damages for the ejection of a passenger, the defendant appeared, filed an answer, made a defense, admitted during the trial that it was at the time of the accident engaged in carrying passengers for hire in the city in question, and the evidence showed that the accident occurred upon one of the streets of said city and that plaintiff was ejected from one of the "company's" cars by the "company's" employes, the inference that the defendant corporation was the company referred to was one the jury might properly draw. *p. 192.*

STREET RAILROADS.—*Passengers.*—*Transfer.*—*Mistake of Conductor.*—*Ejection of Passenger.*—Where a passenger on a street car paid his fare to the conductor of the car on which he was riding and asked to be transferred to another line of the company, to which he was entitled, and the conductor by mistake, gave him a wrong transfer, he was entitled upon proper explanation, to be carried upon the line to which he had requested a transfer. *p. 192.*

SAME.—*Ejection of Passenger.*—*Assault.*—Where unnecessary and excessive force was used in ejecting plaintiff from a street car he was entitled to recover for assault, whether he was entitled to the rights of a passenger or not. *p. 193.*

From Marion Circuit Court (10,551) ; *H. C. Allen,* Judge.

Action by George W. Clark against the Citizens Street

Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter, Clarence Winter* and *W. H. Latta,* for appellant.

*J. M. Bailey,* for appellee.

Roby, J.—Action by appellee. Verdict and judgment for $500. Motion for a new trial overruled. Judgment on verdict. The errors assigned challenge the action of the trial court in overruling appellant's demurrer to the fourth and fifth paragraphs of complaint and its motion for a new trial. The substance of the fourth paragraph was that appellee was a passenger upon one of appellant's street cars, and that he was, before he reached his destination, unlawfully assaulted, and ejected from the car, and beaten, to his damage. The fifth paragraph is not materially different. It is averred in them both that the appellant was a corporation organized under the law of this State and engaged in operating a street railway for hire in the city of Indianapolis, and that "the defendant, by its agents, servants, and employes, assaulted and beat," etc. The objection made is that the acts of the employes are not shown to have been done in the course of their employment or in furthering the master's business.

The averment that the assault was committed by the defendant through its employes is sufficient as a matter of pleading. *Wabash R. Co.* v. *Savage,* 110 Ind. 156, 159; *Feighner* v. *Delaney,* 21 Ind. App. 36. Appellee being a passenger on its car, appellant owed the duty to protect him from assault and injury by its servants, its liability for breach of such duty not depending upon the assault being committed by one acting within the scope of his employment. *Indianapolis Union R. Co.* v. *Cooper,* 6 Ind. App. 202; *Baltimore, etc., R. Co.* v. *Norris,* 17 Ind. App. 189, 60 Am. St. 166. The demurrer was therefore properly overruled.

The point is made that the evidence fails to show that appellee was on a car operated by appellant. *Citizens St. R. Co.* v. *Stockdell,* 159 Ind. 25. The action was brought against the Citizens Street Railroad Company. It appeared, filed answer, and made defense. It was admitted during the trial that such company was at the time of the accident complained of engaged in hauling passengers for hire in the city of Indianapolis. The evidence shows the occurrence to have taken place upon one of the streets of said city, and that appellee was ejected with some force from one of the "company's" cars by the "company's" employes. Many references are made to the "company" by the witnesses. The inference that the appellant corporation was the company referred to, was one the jury might, we think, properly draw.

The testimony relative to the issuance of a transfer ticket was of the same character so far as appellant's connection therewith was concerned. Appellee testified that he paid his fare to the conductor of a North Illinois street car, and requested a transfer slip to a Blake street car, and, supposing he had received it, boarded a Blake street car, from which he was forcibly ejected, it appearing that the transfer slip delivered to him was for the West Michigan street line. "The claim agent of the company" gave the motorman and conductor of the car from which appellee was ejected orders to start, and it was probably a fair inference that the transfer slip was issued by appellant. The second instruction given by the court was to the effect that if appellee paid his fare to the conductor of the Illinois street car, and asked for a transfer to some other line belonging to the company, to which he was entitled, and the conductor, by mistake, gave him a wrong transfer, he would nevertheless be entitled, upon proper explanation, to be carried upon the line to which he had requested a transfer. The instruction accords with the decisions in *Evansville, etc., R. Co.* v. *Cates,* 14 Ind. App. 172, and *Indianapolis St. R.*

*Co.* v. *Wilson,* 161 Ind. 153. If appellee was not entitled to the rights of a passenger under the evidence, such fact would not authorize the reversal of the judgment, it appearing that unnecessary and excessive force was used in ejecting him from the car. *Baltimore, etc., R. Co.* v. *Norris, supra.*

The motion for a new trial was correctly disposed of, and the judgment is affirmed.

Comstock, J., concurs in the conclusion.