## HEASTON ET AL., EXECUTORS, *v.* GALLAGHER.

[No. 6,070.   Filed January 8, 1908.]

1. BILLS AND NOTES.—*Settlement.—Renewal Notes.—Consideration. —Cancelation.*—A note given solely for the renewal of a note and mortgage, which note and mortgage had been settled in consideration of services rendered, is, itself, without consideration, and is subject to cancelation.  p. 21.

2. APPEAL.—*Weighing Evidence.*—Where there is some evidence to sustain the decision below, the judgment will not be reversed. p. 22.

From Huntington Circuit Court; *James M. Hatfield,* Special Judge.

Suit by James Gallagher against John Heaston and another, as executors of the will of John McGlinn, deceased. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Lesh & Lesh,* for appellants.

*Samuel E. Cook,* for appellee.

HADLEY, P. J.—This is a suit by appellee against appellants, executors of the estate of John McGlinn, and another, an interested party, to cancel a certain promissory note executed by appellee to said executors and to strike the same from the inventory. There was a finding of facts by the court and conclusions of law stated thereon, upon which

conclusions of law judgment was rendered in favor of appellee. The special findings show that in September, 1876, appellee and his wife executed to John McGlinn a mortgage on certain real estate to secure the payment of a debt of $248.33 due from appellee to said McGlinn; that said mortgage contained an express agreement and covenant of the mortgagors to pay said debt; that at the same time appellee also executed a note for said amount due one day after date with interest; that said mortgage was duly recorded; that the interest on said debt was paid until September 4, 1891; that on said date appellee renewed said note in said sum; that said appellee was a nephew of said McGlinn, who had no children; that in the year 1897 "said John McGlinn relinquished, surrendered and forgave said debt of $248.33 to said James Gallagher, in return for and in consideration of services which said James Gallagher had rendered for said John McGlinn, and then and there surrendered to said Gallagher said covenant to pay said debt, as found in said mortgage, and also surrendered to said Gallagher said mortgage, and stated to him that he would destroy said note, set out in finding four, when he found it;" that said McGlinn died in 1898, and the note referred to was found among his papers after his death; that on March 11, 1900, said appellants requested appellee to give a new note for said debt, "which had been relinquished by said decedent, as set out in finding five," and appellee signed a note for the sum of said debt; "that on said date said Gallagher was not indebted to said estate in any sum, and said note was given without any consideration."

The only question presented is whether the note executed on March 11, 1900, and which is the note sought to be canceled, was given upon any consideration, and is valid 1. and binding upon appellee. And this presents the question whether the action of McGlinn, as set out in the findings, with reference to the former note, was such as to extinguish the debt for which the same was given. It is

contended by appellants that the acts and declarations of said McGlinn with reference to said note amount only to a promise to make a gift; that the gift was not executed, for the reason that the note was not delivered; that the delivery of the mortgage and the promise to destroy the note were not sufficient to execute the gift. Appellee contends, however, that the cancelation of the debt was not a gift, but was made upon the consideration and in settlement of services rendered. The finding of facts sustains appellee's contention. The cancelation of the debt being upon a consideration and in settlement for services, the action of McGlinn in surrendering the mortgage and promising to destroy the note when found was sufficient to effectuate that purpose. Counsel for appellants, however, state in their reply brief that the evidence is insufficient to support this finding. It is doubtful if counsel properly present this question, but we cannot agree with the contention. There was evidence introduced from which such inferences might be drawn. It was shown that appellants' when it was sought to place the former note on the duplicate for back taxes, insisted it had been canceled and should not be taxed, and they succeeded in keeping it off said duplicate. The court may have presumed that if it was not good enough to be taxed it was not good enough to be a consideration for another note. There being some evidence supporting the findings, we do not weigh it.

Decree affirmed.