IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1911, IN THE NINETY-
FIFTH YEAR OF THE STATE.

---

### FERDINAND RAILWAY COMPANY *v.* LINK ET AL.

[No. 7,248. Filed June 1, 1911.]

1. EMINENT DOMAIN.—*Railroads.*—*Rights of Way.*—*Damages.*—
*Evidence.*—A judgment for $350 is not excessive for the appro-
priation of a railroad right of way running diagonally through
an eighty-acre tract of land, taking two and eight-tenths acres
therefrom and leaving a triangular tract of from eight to eleven
acres on one side of the right of way, the grade of the road being
two feet above the surface of the land and there being no place
left for the drainage of such triangular tract, such land being
valued at from thirty to sixty-five dollars an acre. p. 2.

2. APPEAL.—*Weighing Evidence.*—The Appellate Court will not
weigh conflicting evidence, such duty devolving upon the trial
court. p. 2.

From Dubois Circuit Court; *Thomas Duncan,* Special
Judge.

Action by the Ferdinand Railway Company against Ed-
ward Link and another. From a judgment for defendants,
plaintiff appeals. *Affirmed.*

*C. M. C. Shanks* and *R. W. Armstrong,* for appellant.

*A. L. Gray,* for appellees.

ADAMS, J.—Appellees are the owners of eighty acres of
land in Dubois county. Appellant is a railway company,
and in 1908 obtained a right of way across the lands of ap-

pellees by condemnation proceedings. The instrument of appropriation, filed by appellant, sought to acquire, over the lands of appellees a right of way six rods wide and one thousand, two hundred thirty-eight feet long, containing two and eight-tenths acres. Appraisers were appointed by the court, who assessed appellees' damages at $225. Appellees filed exceptions to the award, and on the trial the court found for appellees, and fixed their damages at $350. Appellant's motion for a new trial was overruled, and this action of the trial court is assigned as cause for reversal.

The only error argued by appellant is that the court erred in its award, and that the damages are excessive.

It is shown by the evidence that the right of way of appellant extends northwest and southeast through appellees' lands, cutting off from the main body a triangular tract, estimated at from eight to eleven acres. This tract of land was valued by the different witnesses at from thirty to sixty-five dollars an acre, and the damages resulting to said land were estimated by the witnesses at from two dollars an acre to a total loss.

It is shown that the grade of the railroad across appellees' lands was from two to three feet above the level, and that appellees could not reach the tract thus cut off except by crossing the railroad right of way; that the drainage from the eleven-acre tract was to the north, and that no opening had been made across said right of way through which the water accumulating on said triangular tract might be carried off.

A large number of witnesses were examined, and the evidence, which covers about two hundred pages of the record, is conflicting both on the question of values and the question of damages. It is the duty of the trial court to weigh the evidence, and this court will not reverse a case upon the proof, where there is any evidence in the record supporting the judgment. *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30; *Heaston* v. *Gal-*

*lagher* (1908), 41 Ind. App. 20; *Cleveland, etc., R. Co.* v. *Scott* (1907), 39 Ind. App. 420; *First Nat. Bank* v. *Beach* (1904), 34 Ind. App. 80; *Borror* v. *Carrier* (1905), 34 Ind. App. 353.

From a careful reading of the evidence, we think the court below was fully warranted in awarding damages to appellees in the sum of $350.

Judgment affirmed.