## SOUTHERN RAILWAY COMPANY v. CRONE.

[No. 7,719. Filed October 31, 1912.]

1. CARRIERS.—*Injury to Passengers.—Assault and Battery.—Complaint.—Sufficiency.*—In an action against a railroad company for an assault and battery committed on a passenger by defendant's agents, the complaint was not open to the objection that it did not aver that the agent who did the assaulting was in the line of duty, where it was alleged that "defendant by its employes, servants and agents" assaulted and beat plaintiff, since defendant

could not have committed the act through its agents or employes unless they were acting in the line of duty. pp. 304, 305.

2. CARRIERS.—*Injuries to Passengers.—Assault and Battery.—Issues.—Proof.*—In an action against a railroad company for an assault and battery committed on a passenger, under the issue tendered by the allegation of the complaint that "defendant by its employes, servants and agents" committed the assault and battery, it must be proved that the act was committed by an agent, employe or servant of defendant, and that such person was at the time in the line of his duty. p. 305.

3. DAMAGES.—*Excessive Damages.—Appeal.*—A cause will not be reversed on appeal on the ground of excessive damages, unless the damages assessed are so large as to induce the belief that the jury acted from prejudice, partiality or corruption. p. 305.

4. CARRIERS.—*Injury to Passengers.—Assault and Battery.—Damages.*—A verdict of $325 for plaintiff in an action for assault and battery committed on him by defendant's agents, while he was a passenger on defendant's train, will not be disturbed on the ground that the damages are excessive. p. 305.

5. ACTIONS.—*Definiteness of Theory.—Appeal.*—An action must proceed to judgment on some definite legal theory, and, on appeal, the parties must be held to the theory on which the case was tried. p. 306.

6. CARRIERS.—*Injury to Passengers.—Theory of Recovery.—Appeal.* —Where the complaint, in an action against a railroad company, proceeded on the theory that the defendant, by and through its agents and employes, committed an assault and battery on plaintiff while he was a passenger on defendant's train, and the cause was tried on that theory, a judgment for plaintiff cannot be supported on appeal on the theory that defendant owed plaintiff the duty of protecting him from the assault of its agents or employes. p. 306.

7. APPEAL.— *Review.— Evidence.— Determining Sufficiency.*— The court, on appeal, in determining the sufficiency of the evidence, will look only to that which is most favorable to the general verdict. p. 307.

8. APPEAL.—*Review.—Verdict.—Evidence.—Sufficiency.*—In an action against a railroad company for an assault and battery committed on plaintiff by defendant through its agents and employes, where there was some evidence from which the jury might have drawn the inference that the agent or employe who committed the act was at the time acting within the scope of his authority, the verdict will not be disturbed on the ground of insufficient evidence. p. 308.

9. CARRIERS.—*Injury to Passengers.—Assault and Battery.—Evidence.—Agency.*—In an action against a railroad company for an

assault and battery alleged to have been committed by defendant through its agent or employe, evidence that the person who committed the act had been known to prosecute persons for being intoxicated on trains, and also for jumping on and off trains, was admissible as tending to prove agency, or that he was in the employ and service of defendant.  p. 308.

10. TRIAL.—*Evidence.—Limiting Effect.—Instructions.*—Where evidence admitted is applicable to a particular feature of the case, its effect and purpose may be controlled by instructions.  p. 309.

11. CARRIERS. — *Injury to Passengers. — Assault and Battery. — Agent.—Instructions.*—In an action against a railroad company for an assault and battery alleged to have been committed by defendant through its agent or employe, an instruction beginning with a statement of the nature of the action and closing by stating that it is claimed by plaintiff that the assault was committed by a named person, who is claimed by the plaintiff to have been at the time a duly authorized agent of the defendant, was not erroneous in failing to include the words "in the line of his duty", since it did not attempt to state the entire law of the case, or to state the elements necessary to a recovery.  p. 309.

12. APPEAL.—*Review.—Instructions.—Applicability to Evidence.*— An instruction is applicable to the evidence where the evidence is of a character to warrant an inference by the jury to which such instruction is applicable.  p. 310.

13. CARRIERS.—*Injury to Passengers.—Assault and Battery.—Instructions.—Agency.*—In an action against a railroad company for an assault and battery alleged to have been committed by defendant through its agent, an instruction that it was not necessary that plaintiff prove the employment of the agent who is charged to have committed the assault by direct and positive evidence, but that agency may be established by proof of circumstances alone, is not open to the objection that it practically tells the jury that proof of agency is sufficient to charge defendant with the assault.  p. 310.

14. CARRIERS.—*Injury to Passengers.—Assault and Battery.— Harmless Error.—Instructions.*—In an action against a railroad company by a passenger for assault and battery, an instruction that even though the plaintiff had misbehaved so as to justify his expulsion from the train, still, if the jury found from the evidence that more force was used than was necessary, the defendant would be liable, though open to the criticism that it assumes that plaintiff was ejected and that force was used, was harmless, since the jury in finding from the evidence that more force than was necessary was used in ejecting plaintiff, would necessarily be required to find that plaintiff was ejected and that force was used.  p. 310.

15.  CARRIERS. — *Injury to Passengers.* — *Assault and Battery.* — *Agents.—Instructions.*—In an action against a railroad company for an assault and battery, on the theory that the act was committed by defendant through its agents, an instruction that "the law places on the railroad company the burden of safely and properly carrying its passengers, and if it intrusts this duty to servants, the law holds the company responsible for the manner in which such servants execute it, and the company is obliged to protect its passengers from violence from its servants," contained an element inapplicable to the issues tendered and was prejudicial to defendant.  p. 311.

16.  CARRIERS.—*Injury to Passengers.—Assault and Battery.—Instructions.—Justification for Assault.*—An instruction, in an action by a passenger against a railroad company for assault and battery, that the intoxication of plaintiff "would not justify an agent or servant of defendant in committing an assault upon him, if one was committed, unless the plaintiff was boisterous or violating some rule of the  *  *  *  company," was not objectionable.  p. 312.

17.  APPEAL.—*Review.—Instructions.—Authorizing Damages Without Reference to Evidence.*—An instruction authorizing the jury to assess damages for physical suffering, mental agony, shame and humiliation, without reference to the evidence or any finding on either of such subjects, is erroneous.  p. 313.

18.  CARRIERS.—*Injury to Passengers.—Assault and Battery.—Instructions.—Exemplary Damages.*—In an action by a passenger against a railroad company for assault and battery committed by its employe, an instruction that if the jury found that the wrongful act was done in a spirit of oppressive malice or wantoness, it might add such exemplary damages as, from all the circumstances, it deemed just, correctly stated the law.  p. 313.

19.  TRIAL. — *Improper Admission of Evidence. — Instructions. —* Where evidence either properly or improperly admitted, is likely to be considered for a purpose not permitted by the issues tendered, it is proper that the jury be instructed that such evidence is not to be considered.  p. 314.

20.  APPEAL.—*Review.—Instructions.—Wilful Wrong.*—An instruction which simply tells the jury that "the doctrine of contributory negligence does not apply to a wrong wilfully committed," is not open to the objection that it assumes that there was a wilful wrong.  p. 314.

21.  CARRIERS.—*Liability for Torts of Servant.—Failure of Servant to Wear Badge.*—In an action by a passenger against a railroad company for an assault and battery committed by defendant's agent, defendant cannot avoid liability on the ground that such agent did not wear a badge as required by §5263 Burns 1908,

§3017 R. S. 1881, providing that trainmen shall wear on their hats or caps a badge of their office, etc.  p. 315.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by Clem Crone against the Southern Railway Company.  From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Alex P. Humphrey, Edward P. Humphrey, John D. Welman,* and *Walter V. Bulleit,* for appellant.

*John W. Ewing, William H. Roose,* and *Major W. Funk,* for appellee.

HOTTEL, C. J.—Appellee brought this action against appellant to recover damages for an alleged assault on appellee while he was a passenger on one of appellant's trains.  From a verdict and judgment in favor of appellee in the sum of $325, appellant prosecutes this appeal.

The complaint is in two paragraphs, and the averments of each are, in all material respects, the same.  The sufficiency of each paragraph was questioned by a demurrer, which was by the court overruled and exceptions saved.  The only answer was a general denial.

A motion for new trial was overruled.  The rulings on said demurrer and motion are relied on for reversal.

It is insisted that neither paragraph of the complaint is sufficient, because of the absence of an averment "that the agent or servant who did the assaulting was in the

1.  line of duty."  In this connection, we should remark that because of the wording of the assignment of error, which calls in question this ruling, if either paragraph be sufficient, no available error is presented thereby.  This, however, is unimportant, because in each paragraph the averment questioned by appellant's objection is the same.  This averment is as follows: "Said defendant by its employees, servants and agents violently, insolently and brutally assaulted, struck and beat this plaintiff about the head, face and body," etc.  Appellant could not have committed

the assault through its agent, servant or employe
2. except such person was acting in the line of his duty,
and such an averment necessitates not only proof that
an agent, employe or servant of appellant committed such
assault, but the further proof that such person was in the
line of his duty as such agent, employe of servant when he
committed the assault. We now make these observations
because of other questions that arise in the case.

The sufficiency of the complaint against the objections
made has been expressly decided by the Supreme Court and
this court. *Wabash R. Co.* v. *Savage* (1887), 110
1. Ind. 156, 159, 9 N. E. 85; *Indianapolis St. R. Co.* v.
*Slifer* (1905), 35 Ind. App. 700, 74 N. E. 19; *Citizens St. R. Co.* v. *Clark* (1904), 33 Ind. App. 190, 71 N. E.
53, 104 Am. St. 249; *Feighner* v. *Delaney* (1898), 21 Ind.
App. 36, 51 N. E. 379.

In support of its contention that the court erred in its
rulings on the motion for a new trial, it is first insisted by
appellant that the damages are excessive. The rule
3. seems to be general with courts of appellate jurisdiction that this ground of a motion for a new trial will
be of no avail in such courts except in cases where the damages assessed by the jury are so large that they induce the
belief on the part of such court that the jury must have
acted from prejudice, partiality or corruption. Such has
been the frequent expression of this court and the Supreme
Court. *Louisville, etc., R. Co.* v. *Kemper* (1899), 153 Ind.
618, 53 N. E. 931; *Chicago, etc., R. Co.* v. *Bester* (1911), 47
Ind. App. 141, 93 N. E. 1039, and authorities cited.
4. The amount of the judgment in this case cannot be
said to be so excessive as to induce in the minds of
the court the belief above indicated.

It is insisted that the verdict of the jury is not sustained
by sufficient evidence, and that it is contrary to law. As the
same reasons are urged in support of each of said grounds

of the motion, they will be considered together. The substance and effect of appellant's contention is as follows: (1) "Every case must proceed to judgment upon some definite legal theory, and upon appeal, the parties must be held to the theory upon which the case was tried." (2) That both paragraphs of the complaint were drawn on the theory that appellee was assaulted by a servant of appellant, acting within the line of his duty, and not on the theory that there was a failure on the part of appellant, as a carrier, to protect appellee from the assaults of one of its servants. (3) That the evidence fails to show anything more than that the person who committed the assault on appellee was a servant of appellant, and that there was no evidence that such servant was acting in the line of his duty, or within the scope of his employment when he committed such assault.

The first proposition is a legal one, supported by authority, *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 644, 83 N. E. 246, and authorities cited; *Diggs* v. *Way* (1899), 22 Ind. App. 617, 621, 51 N. E. 429, 54 N. E. 412; Elliott, App. Proc. §§489, 490; *Adams* v. *Davis* (1886), 109 Ind. 10, 21, 9 N. E. 162.

We agree, also, with appellant in its contention that the complaint in this case proceeds on the one definite theory only, viz., that *appellant violently, brutally and insolently committed the assault* by and through its agent, etc., and not that it failed to protect appellee from the assault. In this connection, it is insisted by appellee that inasmuch as he was a passenger on appellant's train, appellant owed him the duty of protecting him from assault and injury, and that liability for injury resulting from a breach of such duty is not made to depend on the injury "being committed by one acting within the scope of his employment." As supporting this contention, appellee relies on the following cases: *Citizens St. R. Co.* v. *Clark, supra; Dickson* v. *Waldron* (1893), 135 Ind. 507, 34 N. E.

506, 35 N. E. 1, 24 L. R. A. 483, 41 Am. St. 440; *Baltimore, etc., R. Co.* v. *Davis* (1909), 44 Ind. App. 375, 89 N. E. 403.

There can be no doubt but that the *general rule* is as claimed by appellee, and that it is supported by the authorities cited, as well as by many others that might be cited. We think, however, that inasmuch as the carrier is not an insurer of the safety of its passengers while on its trains, there should be and are exceptions to this general rule. But we need not here discuss these exceptions, because, as to the question under discussion, appellee is in no position to invoke the benefit of the rule, for the reason that he has tendered no pleading to which it is applicable. Neither paragraph of the complaint proceeds on the theory that appellant permitted appellee to be assaulted by, or failed to protect him from the assault of the agents, servants or employes of appellant, but, on the contrary, each paragraph proceeds on the theory that by and through its agents appellant itself committed the assault.

Under the authorities first above cited, appellee is bound by the theory of his complaint, and may not be permitted, on appeal, to ask that his judgment in the court below be supported on a theory different from that presented by the complaint on which his case was tried and his judgment obtained. In determining the sufficiency of the evidence to support this theory, we are required to look alone to that most favorable to the general verdict, which is a finding that every fact essential to a recovery under such theory was sustained by the evidence. *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470, 482, 73 N. E. 990; *Heath* v. *Sheetz* (1905), 164 Ind. 665, 667, 74 N. E. 505; *Mazelin* v. *Rouyer* (1893), 8 Ind. App. 27, 29 N. E. 154.

While an examination of the evidence has impressed us with the belief that there is but little, if any, direct evidence that can be said to indicate that the servant or employe

of appellant who committed the assault was acting within the scope of his authority when he committed it, yet there was some evidence from which the jury might have drawn such inference. This conclusion is supported by the decisions of this court and the Supreme Court. *Grand Rapids, etc., R. Co.* v. *King* (1908), 41 Ind. App. 701, 706, 83 N. E. 778; *Dickson* v. *Waldron, supra,* 517, 518, and authorities cited; *Barnett* v. *Gluling* (1892), 3 Ind. App. 415, 29 N. E. 154, 29 N. E. 927; *Henry* v. *Heeb* (1888), 114 Ind. 275, 16 N. E. 606, 5 Am. St. 613. It follows that said grounds of the motion for a new trial do not present reversible error. *Delaware, etc., Tel. Co.* v. *Fiske* (1907), 40 Ind. App. 348, 351, 81 N. E. 1110; *Heaston* v. *Gallagher* (1908), 41 Ind. App. 20, 22, 83 N. E. 252; *Secor* v. *Skiles* (1886), 106 Ind. 98, 100, 5 N. E. 897.

Error in admitting certain evidence of Charles Goss, to which exception was properly saved, is urged. In response to the question, "What did Mr. Peck do, if anything, in the way of prosecuting people for criminal offenses connected with the Southern Railway Company?" the witness answered: "I have known him to prosecute fellows for being intoxicated on trains several times, and also for jumping on and off of trains."

It is insisted that there was no claim that the servant or employe of appellant who committed the assault was attempting to arrest appellee for intoxication, or that he was trying to arrest him for jumping on or off trains, and that the answer in no way showed the authority of Peck to put passengers off of the train. It was necessary that appellee should prove Peck's agency, and while this evidence may not have tended to prove that Peck was acting within the scope of his employment at the time of the alleged assault, yet we think, under the law, it was proper as tending to prove agency, or that Peck was in the employ and service of appellant. *Indiana, etc., R. Co.* v. *Adamson* (1888), 114 Ind. 282, 290, 15 N. E. 5; 31 Cyc. 1662, 1663; *Jewett*

v. *Lawrenceburgh, etc., R. Co.* (1858), 10 Ind. 539, 543. Its effect and purpose, or the particular feature of the case to which it was applicable, could be reached and controlled by instructions rather than by objection to its admission.

The court, at appellee's request, gave fourteen instructions, to each of which objections are urged. These objections are not of sufficient importance and weight in each instance to justify the extension of this opinion by setting out each of the same.

Objection is made to instruction one, in that it omits the words "in the line of his duty". The instruction begins with a statement of the nature of the action, and closes with the clause objected to, which is as follows: "And it is claimed by the plaintiff that said assault * * * was committed by one J. T. Peck, who is claimed by the plaintiff to have been a duly authorized agent of the defendant at the time of the commission of the act complained of." This instruction does not incorrectly state appellee's claim, so far as it goes. Under the theory of his complaint he did claim that the person who assaulted him was the authorized agent of appellant. This theory also involved the further claim that such agent, at the time he committed the assault, was acting within the scope of his authority as such agent; but inasmuch as the instruction did not attempt to state the entire law of the case, or to state the elements of the cause of action necessary to be proven to entitle appellee to recovery, we think the omission harmless. Appellant had its theory of the case in this respect as fully and favorably covered by instructions given, at its instance, as the law justifies. Taking the instructions as a whole, we are convinced that no possible harm could have resulted from the omission in this instruction of the qualifying words suggested by appellant.

It is conceded that instruction two and three are correct statements of abstract propositions of law, but it is insisted

that they are "inapplicable to the circumstances and evidence here". These instructions have the approval of the Supreme Court in cases which we think authorize their approval here. Instruction four has the approval of both the Supreme Court and this court, but appellant asserts that it is not applicable to the evidence. The evidence was of a character to warrant an inference by the jury to which the instruction was applicable. The fifth instruction is objected to on the ground that it practically tells the jury that proof of agency is sufficient to charge appellant with the assault committed by its agent Peck. This instruction is not open to the criticism made. It simply tells the jury that it was "not necessary that the plaintiff prove the employment of the agent who is charged to have assaulted * * * him by direct and positive evidence," but that "agency may be established by proof of circumstances alone." The instruction is supported by authority. *Barnett* v. *Gluting, supra,* 420; *Indiana, etc., R. Co.* v. *Adamson, supra.*

Instruction six, objected to, is as follows: "You are instructed that in this case even though the plaintiff had misbehaved himself in such a manner and to such an extent as to justify his expulsion from the train by the defendant's agents and servants, still if you find from the evidence that such agents or servants used more force than was necessary in ejecting the plaintiff from the train, the defendant would be liable and your verdict should be for the plaintiff." The general principle involved in this instruction has the approval of the Supreme Court in the case of *Chicago, etc., R. Co.* v. *Bills* (1885), 104 Ind. 13, 3 N. E. 611, and is supported by other authority. However, we think the wording of the instruction is open to the criticism made by appellant, that in its last clause it assumes that appellee was ejected and that force was used. The assumption is so involved in the fact which the court requires that the jury *must find from the evidence* that it

becomes harmless. The instruction predicates liability on the condition that the jury "find from the evidence that such agents * * * used more force than was necessary in ejecting plaintiff," etc. The jury could not find this fact without also finding that "appellee was ejected and that force was used."

The seventh instruction is as follows: "You are instructed that the law places upon the railroad company the burden of safely and properly carrying its passengers, and if it intrusts this duty to its servants, the law holds the company responsible for the manner in which such servants execute it, and the company is obliged to protect its passengers from violence from its servants."

It is contended by appellant that "to say it 'is obliged to protect its passengers from the violence of its servants' not only introduces a conflicting theory into this case, but such statement is not the law under many conditions and circumstances." From this clause of the instruction we think the jury may have understood that appellant, under the law, was required to insure the safety and protection of its passengers from the assault of all its servants, regardless of whether they were in charge of such train, or had anything to do with its control or operation. In other words, the jury may have understood from this instruction that if an employe of appellant, serving it in a capacity entirely remote from the operation or control of its passenger-trains, but riding as a passenger on such train, should assault one of the other passengers, appellant would be liable for such assault, even though each of appellant's servants in charge of such train exercised the highest degree of care and caution, and did everything in his power to anticipate and prevent such assault. We do not think this is the law. It is true that this instruction has a qualified approval of the Supreme Court in the case of Louisville, etc., R. Co. v. Kelly (1884), 92 Ind. 371, 47 Am. Rep. 149, where it is said: "It is sometimes proper to give a general statement of the duty

of carriers, and when the statement is a correct one, even though not strictly necessary under the evidence, there is no material error.''

Judge Elliott, in approving the instruction, recognized that there may be exceptions to the general rule declared therein, and that ''if the violence could not have been foreseen or prevented by the highest degree of care, the carrier would be absolved from liability,'' but stated that, as a general rule, the announcement was correct, and could not be deemed erroneous in the particular case in which it was given.

The evidence in this case shows that Peck was not one of the regular trainmen in charge of such passenger-train, and, even if the issue tendered by the complaint had authorized the announcement of the general rule contained in the instruction, we think the evidence is such as to suggest that harm might result to appellant from announcing the same without indicating the exceptions to the rule, or otherwise limiting or qualifying the instruction. But, as we have already indicated, the theory of this complaint is that *appellant by its agents committed* the assault. This being the theory of the complaint the general rule stated in the instruction contained an element inapplicable to the issues tendered, and, in our judgment, prejudicial to appellant.

The ninth instruction simply tells the jury, in effect, that the intoxication of appellee ''would not justify an agent or servant of the defendant in committing an assault upon him if one was committed unless the plaintiff was boisterous or violating some rule of the * * * company.'' It is conceded that this is a correct statement of the law ''under certain conditions so far as it goes'' but contended that it makes appellant ''liable for any agent whether in the line of his duty or not.'' The objection is not well taken. There is no attempt in the instruction to enumerate the elements of liability, but, on the contrary,

it only purports to tell the jury when intoxication in such a case will and when it will not justify an assault.

The tenth instruction is objected to, and is as follows: "You are instructed that if you find from the evidence that the defendant company was guilty of wrongfully ejecting the plaintiff from its train of cars and that the assault on the plaintiff, if any, was unprovoked, was wilful or malicious, and was perpetrated in a rude or insulting manner, *evincing* an intent to wound and injure the plaintiff's feelings and bring him into contempt and disgrace in the estimation of the public, then the case is one justifying the imposition by the jury of exemplary damages, and the jury are instructed that in estimating the proper amount of such damages, they may take into consideration the position, character, standing, influence and feeling of the plaintiff and may assess damages for physical suffering, mental agony, shame and humiliation." The latter part of this instruction authorizes the jury to assess damages for physical suffering, mental agony, shame and humiliation, without reference to the evidence on either of said subjects, and without reference to any finding by the jury that appellee had in fact been shown to have experienced any physical suffering, mental agony, shame or humiliation. This was undoubtedly error, and it was such an error as might necessarily be harmful to appellant.

The concluding sentence in instruction eleven is objected to, and is in these words: "And if you find from the testimony that the wrongful act was done in a spirit of oppressive malice or wantonness, you may add to such compensatory damages such exemplary as, from all the circumstances, you may deem just." This instruction is approved in the case of *Jeffersonville R. Co.* v. *Rogers* (1871), 38 Ind. 116, 122, 10 Am. Rep. 103. The case at bar being one where exemplary damages, under the conditions expressed in the instruction, are authorized, the reason for

the holding in the cases relied on by appellant does not exist. *Cleveland, etc., R. Co.* v. *Dixon* (1912), *post*, 658, 96 N. E. 815, 819.

Instruction thirteen told the jury that inasmuch as defendant had not pleaded justification for the assault and battery complained of, that any evidence introduced for that purpose should not be considered by it. Appellant insists that it is the business of the court to instruct within the issues, and that this instruction was outside the issues and harmful. If the court had admitted evidence, either properly or improperly, that was likely to be considered for the purpose mentioned when there was no issue tendered that permitted its consideration for such purpose, we think it was proper for the court to instruct the jury on this subject. This conclusion is supported by authority. *Norris* v. *Casel* (1883), 90 Ind. 143; *Fetrow* v. *Wiseman* (1872), 40 Ind. 148, 157.

It is admitted that instruction fourteen is a correct statement of the law, but it is objected that the instruction assumes that there was a wilful wrong. The instruction does not assume that there was any wrong committed wilful or otherwise, but simply tells the jury that "the doctrine of contributory negligence does not apply to a wrong wilfully committed."

Instruction fifteen is objected to because it assumes that there was injury. The instruction begins by saying "if you find from the evidence that the plaintiff was wilfully thrown * * * (and) thereby received some injuries." We need only say with reference to appellant's instructions, that but three out of seventeen tendered were refused. The first was a peremptory instruction for defendant, and, in view of the evidence, properly refused. The eleventh in so far as it was proper, was covered by other instructions.

By instruction seventeen, defendant would have been relieved of liability for an act of Peck's in assaulting appellee while assisting him from the train, even though at the time

he was acting as the agent of appellant, in the line of his duty, provided only that he (Peck) had not complied with §5263 Burns 1908, §3917 R. S. 1881, which requires that trainmen shall wear on their hats or caps a badge of their office, etc. It can hardly be seriously contended that appellant could take advantage of the neglect of its own agent to comply with the law of the State to relieve it from liability for the acts of such agent.

On account of the errors committed by the court below in giving appellee's instructions seven and ten, given above, the motion for a new trial should have been sustained.

Judgment reversed, with instructions to the court below to grant a new trial, and for further proceedings consistent with this opinion.

NOTE.—Reported in 99 N. E. 762. See, also, under (1) 26 Cyc. 1571; (2, 9) 6 Cyc. 628–New Anno.; (3) 3 Cyc. 381; (4) 13 Cyc. 121; (5, 6) 2 Cyc. 670; (7, 8) 3 Cyc. 349; (10, 19) 38 Cyc. 1756; (11, 13) 26 Cyc. 1578; (12) 38 Cyc. 1612; (14) 38 Cyc. 1809; (17) 13 Cyc. 238; (18) 13 Cyc. 244; (20) 38 Cyc. 1663. As to the liability of a railroad company for assault by its servants upon a passenger, see 32 Am. St. 95. Liability of carrier for assaults by employes upon passengers, see 14 L. R. A. 738; 17 L. R. A. (N. S.) 764; 40 L. R. A. (N S.) 999.