## THE WINONA INTERURBAN RAILWAY COMPANY v. WILLIARD.

[No. 7,952. Filed May 27, 1913. Rehearing denied October 8, 1913. Transfer denied November 7, 1913.]

1. CARRIERS. — *Injuries to Passenger.* — *Evidence.* — *Operation of Car.*—In an action for injuries inflicted by an interurban railway conductor while plaintiff was alighting from the car, where there was direct evidence showing that a conductor in the course of his employment as a passenger conductor of defendant took a certain car over a certain road, and in the course of his duties inflicted the injuries complained of, and that after the accident officers and representatives of defendant company interviewed witnesses to the accident, was sufficient to warrant the jury in finding that the car was at the time operated by the defendant, and especially in view of the fact that defendant did not deny that it was operating same. pp. 474, 475, 476.

2. TRIAL.—*Trial by Jury.*—*Findings.*—It is not necessary that witnesses testify directly to a fact to authorize a finding that it exists, but a jury may be justified in finding a fact, either when

its existence is admitted, or when the fact is one of which judicial notice is taken, or when it is directly proved by the evidence, or when it may rightly and reasonably be inferred from the evidence. p. 474.

3. CARRIERS. — *Injuries to Passenger.* — *Liability.* — *Ownership of Car.*—In a passenger's action for personal injuries, the question of whether defendant owned the car on which the injury occurred, or the track over which it was operated, is immaterial, since defendant's liability depends upon whether it was operating the car. p. 476.

4. NEW TRIAL.—*Newly-Discovered Evidence.—Diligence.—Cumulative Evidence.*—Where the newly-discovered evidence urged as a ground for new trial, was mostly cumulative and of a character that would not in all probability have produced a different result, and there was perhaps no sufficient showing of diligence to obtain such evidence before the trial, the overruling of such motion was not error. p. 478.

5. APPEAL.—*Review.—Damages.*—A verdict for $4,874, for injuries to the right arm and leg which caused much pain and probably injured the spinal cord of a woman, and would perhaps permanently affect her, was not excessive, notwithstanding that she was married and resided with her father and mother and was relieved from the necessity of doing much housework. p. 478.

From Noble Circuit Court; *Luke H. Wrigley,* Judge.

Action by Inez Williard against The Winona Interurban Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frazer & Frazer,* for appellant.
*Wood & Aiken,* for appellee.

IBACH, J.—Appellee recovered a judgment for $4,874 for personal injuries sustained by being thrown or pulled from appellant's interurban car by its conductor, while appellee was in the act of alighting from said car.

Appellant assigned error in overruling the demurrer to the complaint, and in giving a certain instruction to the jury, but we find no error in either action of the trial court, and as appellant's counsel admitted in argument that it did not rely for reversal upon either of these assignments, we do not deem it necessary to refer to them further.

Appellant's strongest contention is that the evidence fails

to show that it owned or operated an interurban railroad between the cities of Warsaw and Goshen, Indiana, or

1. that the car upon which plaintiff took passage was being operated by defendant at the time of the accident complained of, or that the conductor who injured her was in its employ at the time of the accident. It is not directly in evidence that appellant was operating the car on which appellee was injured. That fact was not in dispute in the trial below, and seems to have been assumed and taken for granted, as a fact about which no evidence was needed, and as impliedly admitted by appellant. Nor has appellant in this court denied that it was operating the car, but it cites the case of *Citizens St. R. Co.* v. *Stockdell* (1902), 159 Ind. 25, 62 N. E. 21, as supporting its insistence that the evidence failed to show that appellant was operating the car, such proof being an essential part of plaintiff's case. We can not agree with appellant's contention as to the insufficiency of the evidence introduced at the trial. The writer of this opinion is inclined to prefer the reasoning of the dissenting opinion of Judge Hadley in the Stockdell case to that of the prevailing opinion. But be that as it may, the prevailing opinion is a binding precedent which must be followed by this court, and which, we believe, supports the affirmance of the present case rather than its reversal. The evidence which tends to show that appellant was operating the car on which appellee was injured is much more forceful than the evidence in the Stockdell case.

It is not necessary for witnesses to testify directly to

2. a fact in order that a jury may find it to exist. ''A jury may be justified in finding a fact to be true in several ways: (1) The fact may be admitted; (2) the court may take judicial notice of such fact; (3) the evidence may directly prove the fact; (4) the fact may be rightly and reasonably inferred by the jury from other facts which are either admitted, or proved by the evidence,

or taken notice of judicially by the court.'' *Henry* v. *Epstein* (1912), 50 Ind. App. 660, 95 N. E. 275.

Conductor Eiler, who was identified as in charge of the car on which appellee claimed to have been hurt, and who, appellant admits, was in charge of such car, testified

1. that he was in the employ of ''The Winona Interurban Company'' as a passenger conductor at the time of the trial, that he was a passenger conductor for appellant in October, 1907, and took out car ''number fifty'' from Goshen at about 5:30 p. m., October 13, 1907. This was the car upon which appellee, her husband, mother, and little son had taken passage at Elkhart, and upon alighting from it at Wilford Junction, between Goshen and Warsaw, according to the testimony of her witnesses, conductor Eiler took hold of appellee's arm in such a manner as to throw her down against the car step, severely bruising and injuring her, but not so much at the time as to prevent her walking away from the station by leaning upon her husband. Appellant's defense was to deny the accident. Eiler testified that he did not take appellee's arm and jerk her off the car, and several witnesses who were passengers on the car testified that they saw no such action on his part, and did not see appellee injured. Appellant set up no claim at the trial that it was not operating the car. But it here claims that even though it appears that a passenger conductor in its employ, in the course of his duties as a passenger conductor, was in charge of the car, yet it does not appear that appellant owned or was operating the car, or was operating an interurban road from Warsaw to Goshen. However, it was shown that the conductor took charge of the car at Goshen and appellee got off at Milford Junction, on the road to Warsaw. Where there is direct evidence that a conductor in the course of his employment as a passenger conductor of appellant took a certain car over a certain road, and in the course of his duties as such negligently injured a woman

passenger who was alighting, such evidence is sufficient for the jury to find, that appellant was operating the car over the road, at least in the absence of controverting evidence, and, that it was liable for such act of its conductor. It is immaterial whether appellant owned the car or the

3. track, for neither fact would have any bearing upon its liability. Its liability to passengers is sufficiently shown from the fact that it was operating the car.

There is much further evidence, which would justify the jury in finding that appellant was operating the car, and it seems to us, that it owned the tracks. Throughout

1. the testimony of the witnesses there are many references to the "company" which could only be understood by the jury as referring to appellant. Appellant's witness, May, who was a passenger on the car stated that "a claim agent of defendant company" had talked with him about the accident, a week or so after its occurrence. This agent, referred to as the "company's agent," also the "company's detective," and the "attorneys for the company" had talked with several witnesses. Witness Williard, appellee's husband, testified that he had applied for a job with the "Winona Company," and that he knew an official of that "interurban company," Mr. Sullivan, who was on the car. Other witnesses testified that Mr. Sullivan, an official of the company, or passenger agent, went back with the conductor to talk with witness Martin, a passenger, with whom the conductor had a dispute about his fare. Witness Martin testified that at Milford, the station where he got off the car, the "Winona people have electric lights at the station." Witness Sargent, "ticket agent for the Winona at Milford" at the time of the accident, another passenger, testified that he warned the conductor to look out for trouble with Martin, and in an answer to a question whether he did this because he was an employe of the company, he replied, "Not scarcely that." Witness Van Ness, express agent of the United States Express Company at Milford

Junction, testified that his office was "on the south side of the B. & O. tracks and east of the Winona tracks at Milford Junction," and that he got on the car on the express office side, always taking that car every evening. From all the evidence, when there was not even a word of testimony indicating or tending to indicate that any person or company other than appellant was operating the car, the jury was abundantly justified in finding that appellant was operating it. Appellant appeared and defended the action, and based no part of its defense upon the theory that it was not operating the car, and in fact, impliedly admitted its operation. Appellant could at once have terminated the trial by proof that it was not operating the car on which the accident happened and that the conductor was not in its employ, but instead it spent, as was shown by the evidence, much time in seeking witnesses who were passengers on the car, and who testified that they did not see any accident. Its conductor, in answer to questions by appellant's counsel, testified that he was in appellant's employ on the day of the accident, in charge of the car on which the accident was claimed to have occurred.

We quote the following words from the case of *Evansville, etc., R. Co.* v. *Snapp* (1878), 61 Ind. 303, 309, as applicable here. This case has never been overruled or disapproved, and is a binding precedent. "In the case at bar, there was no direct or positive evidence adduced upon the trial, that the appellant was the owner of, or operated, the railroad upon which the appellee's mare was run over and killed. The evidence showed that the mare was run over and killed on the Evansville and Crawfordsville Railroad. The appellant, the Evansville and Crawfordsville Railroad Company, was sued for the killing of said mare on its railroad, and appeared to, and was there before the jury defending the action. There was not a particle of evidence adduced upon the trial, tending to show that the railroad in question was owned or operated by any other person or corporation than

appellant; but it seems to have been assumed and taken for granted, as a fact about which no evidence was needed, that the railroad was owned and operated by the appellant at the time the appellee's mare was run over and killed thereon. Under such circumstances and the evidence on the trial, it seems to us, that the jury trying the cause might have fairly and reasonably inferred and found, that the appellant owned and operated the railroad in question at the time the appellee's mare was killed thereon; and especially so, in the absence of any evidence whatever from which it could possibly be inferred that such railroad was owned or operated by any other person or corporation than the appellant. We think, therefore, that we ought not to disturb the verdict of the jury in this case for the want of direct and positive evidence in support of the averment in the complaint, that the appellant owned and operated said railroad at the time the appellee's mare was run over and killed thereon. In other words, as to this point, it seems to us, that the verdict of the jury in this case was sustained by sufficient evidence, and was not contrary to law.'' Our holding is also supported by the case of *Citizens St. R. Co.* v. *Clark* (1903), 33 Ind. App. 190, 71 N. E. 53, 104 Am. St. 249, and *Citizens St. R. Co.* v. *Stockdell,* and *Henry* v. *Epstein, supra.*

It is also argued that the court erred on the ground of not sustaining appellant's motion for new trial because of newly-discovered evidence. As to this it is sufficient 4. to say that the evidence was largely cumulative, that there was probably not a sufficient showing of diligence in attempting to obtain it before trial, and that it was of such a character that there was no probability that a different result would have been reached had it been before the jury.

It is also claimed that the damages were excessive. The evidence shows that appellee has suffered much pain, 5. and is unable to sleep at night, that her right arm and leg and her whole right side are numb at times, that

her spinal cord is probably injured, and that she will be affected permanently, though it is not certain to what degree, that she has been able to do but little housework, no sewing or sweeping, or any similar tasks since the accident. Although the evidence shows that she was the wife of a railroad brakeman, and that she and her husband lived with her father and mother, so that her mother relieved her from the necessity of doing much housework, we do not believe that the damages were so excessive, in view of the evidence as to the extent of her injuries, that we would be justified in ordering a remission. Judgment affirmed.

Note.—Reported in 101 N. E. 1022. See, also, under (1) 29 Cyc. 624; (2) 17 Cyc. 814, 816, 820; (3) 29 Cyc. 476; (4) 29 Cyc. 886, 911; (5) 13 Cyc. 126, 130. As to duty and liability of electric railways to passengers, see 118 Am. St. 461. As to what is an excessive verdict in an action for personal injuries not resulting in death, see 16 Ann. Cas. 8; Ann. Cas. 1913 A 1361.