# GRAND RAPIDS & INDIANA RAILWAY COMPANY
## v. KING.

[No. 6,093. Filed February 20, 1908. Mandate modified May 26, 1908.]

1. APPEAL.—*Briefs.*—Where appellant's brief sets out the substance of the questioned paragraph of complaint, and states that a demurrer thereto was overruled, the Appellate Court may, on appeal, consider the sufficiency of the facts stated in such paragraph. p. 703.

2. RAILROADS. — *Detectives. — Authority. — Inferences.*—The mere fact that a railroad company employed a certain person as a detective does not imply that such person had authority to make arrests. p. 704.

3. PLEADING. — *Complaint. — Railroads.—Detectives.—Authority to Arrest.—Agency.*—A complaint alleging that defendant railroad company employed a detective and authorized him to arrest all persons who had stolen any of such company's property; that said detective while so acting, and within the scope of his employment, and without a warrant or any authority at law, unlawfully assaulted and imprisoned plaintiff, sufficiently shows that such detective was acting as defendant's agent in the commission of such acts. p. 704.

4. APPEAL.—*Briefs.—Evidence.*—Where appellee supplies the evidence omitted from appellant's brief, the sufficiency of the evidence will be considered. p. 705.

5. RAILROADS.—*Detectives.—Authority.—Question for Jury.—Assault.—False Imprisonment.*—Where the evidence showed that defendant railroad company's detective was ordered to investigate a supposed theft of money from one of its depots; that he suspected plaintiff of the crime, and arrested him, assaulted him, took him before a magistrate and had him committed to jail, releasing him a little later upon ascertaining that no theft had been committed, the question whether the company authorized such arrest was for the jury. pp. 705, 707.

6. TRIAL.—*General Verdict.*—*Effect.*—*Appeal.*—A general verdict for plaintiff is a finding, in his favor, on all of the allegations of his complaint, and such verdict will not be disturbed, on appeal, where there is evidence from which an inference supporting such verdict may reasonably be drawn. p. 706.

7. WORDS AND PHRASES.—*"Detective."*—A "detective" is an officer whose duty it is to detect crimes and apprehend the criminals. p. 706.

8. CRIMINAL LAW.—*Felonies.*—*Arrest.*—*Process.*—*Damages.*—Any person may arrest a felon without a warrant; but if he wrongfully arrests an innocent person, he is liable in an action for damages. p. 707.

9. TRIAL.—*Instructions.*—*False Imprisonment.*—*Burden of Proof.*—An instruction, in an action for false imprisonment, that if plaintiff was imprisoned, the presumption is that it was illegal, and that the burden of showing it to be legal is upon defendant, is correct. p. 707.

10. APPEAL.—*Instructions.*—*How Made Part of Record.*—Instructions may be made a part of the record under §561 Burns 1908, Acts 1907, p. 652, or under §§558, cl. 6, 560 Burns 1908, §§533, 535 R. S. 1881, in which latter case the indorsement on the margin of the instruction excepted to must be dated. p. 708.

11. SAME.—*Briefs.*—*Instructions.*—Where the questioned instruction is neither set out literally, nor in substance in the brief on appeal, it will not be considered. p. 708.

12. TRIAL.—*Instructions.*—*Misleading.*—*False Imprisonment.*—An instruction, in a false imprisonment case, sustained by the Supreme Court decisions, and which correctly announces the legal effect of the arrest of an innocent person by a private individual without a warrant, cannot be held to be misleading. p. 708.

13. SAME.—*Instructions.*—*Inapplicable to Evidence.*—*Railroads.*—*Detectives.*—*Authority to Arrest.*—An instruction that a detective's employment by defendant railroad company might be proven by circumstantial or direct evidence, and that the jury might consider the nature of the defendant's business, its property, and money received in determining such question, is incorrect, but not reversible, where there was no evidence of such facts. p. 708.

14. SAME. — *Instructions.* — *False Imprisonment.*—*Railroads.*—*Detectives.*—An instruction that a railroad company may employ agents to procure the arrest and prosecution of persons stealing goods or money from such company, but if such agents in the course of the employment assault and imprison an innocent person, the company is liable, is not objectionable. p. 709.

15. SAME. — *Instructions.* — *Railroads.*—*Detectives.* —*Authority.*—Instructions, tendered, stating that unless the detective committing the arrest and falsely imprisoning plaintiff was authorized

by defendant railroad company so to arrest and imprison, the company would not be liable, were correctly refused. p. 709.

16. APPEAL.—*Mandate.—Death.*—A mandate of affirmance will be modified, where it appears that the appellee died after submission and before affirmance. p. 710.

From Adams Circuit Court; *Richard K. Erwin,* Judge.

Action by Jesse N. King against the Grand Rapids and Indiana Railway Company. From a judgment on a verdict for plaintiff for $2,000, defendant appeals. *Affirmed.*

*J. W. Headington, R. D. Wheat* and *A. P. Beaty,* for appellant.

*Smith & Moran,* for appellee.

MYERS, J.—Appellee brought this action against appellant to recover damages for alleged injuries sustained by him by reason of false imprisonment, and because of an assault and battery perpetrated by appellant, acting by its servant Jacob P. Barr. This action was commenced in the Jay Circuit Court, and the venue was changed to the Adams Circuit Court, where a trial was had upon the second paragraph of complaint, answered by a general denial. From a judgment in favor of appellee, appellant appeals, assigning error on the ruling of the court in overruling its demurrer to the second paragraph of complaint, and in overruling its motion for a new trial.

Appellee insists that appellant has waived each of its assignments of error because of a failure to comply with rule twenty-two of the Supreme and Appellate Courts.

1. The writer of appellant's brief evidently gave but little, if any, attention to that rule. However, the brief does contain the substance of the second paragraph of complaint, and, by inference only, from the brief we understand that a demurrer for want of facts to that paragraph was overruled. By giving appellant the benefit of this inference, the question argued on this paragraph of complaint may be considered.

Appellant insists that the second paragraph of the com-

plaint is defective, for the reason that by its allegations Barr's authority and the scope of his employment by appellant is measured and his duty defined by the word "detective."

The mere fact that Barr was a detective and employed by appellant as such does not imply that he had authority to make arrests. But where the facts appear, as they do from the pleading before us, that Barr was employed by appellant, and had authority from appellant to arrest all persons who had purloined, stolen or destroyed any of the latter's property, and that said Barr, while so acting, and within the scope and line of his employment, and without a warrant or without any authority at law, and without any criminal offense being committed by appellee within his view or presence, unlawfully, maliciously and by force seized, arrested and imprisoned appellee in the city prison of Portland, Indiana, and while so engaged in making said arrest brutally beat and assaulted appellee, together with the allegation that said seizure and arrest and imprisonment were caused by the appellant through its agents, servants and detectives while acting within the scope of their employment, they sufficiently show that the tortious acts complained of, and which resulted in damage to appellee, grew out of appellant's employment of Barr, and were committed by the latter in the performance of his duties in the furtherance of appellant's interests, and therefore are attributable to appellant. And this is so whether the wrongful acts were authorized by appellant or not. *American Express Co. v. Patterson* (1881), 73 Ind. 430; *Evansville, etc., R. Co. v. McKee* (1885), 99 Ind. 519, 50 Am. Rep. 102; *Pennsylvania Co. v. Weddle* (1885), 100 Ind. 138; *Terre Haute, etc., R. Co. v. Jackson* (1881), 81 Ind. 19; *Harness v. Steele* (1902), 159 Ind. 286; *Smith v. Munch* (1896), 65 Minn. 256, 68 N. W. 19; *Johnston v. Chicago, etc., R. Co.* (1907), 130 Wis. 492, 110 N. W. 424.

The first three reasons in support of appellant's motion for a new trial are based upon the insufficiency of the evidence, and were it not for the condensed recital of the evidence appearing in appellee's brief no question depending upon the evidence would be presented for review. *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288; *Adams* v. *Betz* (1906), 167 Ind. 161. From a recital of the evidence, as found in appellee's brief, it appears that Barr, on, and for sixteen months prior to September 27, 1904, was in the employ of appellant in the capacity of "special police," or "detective," and on that day a reported theft of $59 from its depot at Portland, Indiana, was referred to him for investigation. Pursuant to this direction and instruction, and on that day, Barr began said investigation, and from one of the depot agents he learned that appellee had been with the agent and around the depot on the night of the supposed loss. On the morning of said September 27, one of appellant's depot agents introduced Barr to appellee, saying that Barr was a detective for the Grand Rapids & Indiana Railway Company, and was there investigating the shortage in the office. In the afternoon of the same day Barr met appellee, and after some conversation said to him: "Damn you, you got that money." Appellee denied any knowledge of the money. Then Barr "told King that he would have to go along with him." Appellee did not move, and Barr struck him in the face, put handcuffs on him, took hold of his coat collar, and within the view of a number of persons passing along the street took appellee to the mayor's office, and while there twice knocked him down. Barr there obtained the keys to the jail, and by force took appellee to the jail, put him in an iron cell, knocked him down again, then closed the jail door and left him. Barr had no warrant. A few minutes after this occurrence it was discovered that no loss of money had occurred, and appellee was released from custody.

Appellant insists that the evidence does not authorize the finding that Barr was acting within the scope of his employment when he made the arrest.   From the evidence it may be said that Barr was acting under instructions from appellant to investigate a supposed felony "and to locate the guilty party," and was so engaged when he accused appellee of having the company's money.   There is no evidence showing that Barr in making the arrest had any purpose of his own in view or any other motive than the interest of appellant.   Barr was appellant's servant.   He designates his employment as that of "special police."   Employes of appellant and others refer to him as appellant's detective. Whether as special police or as a detective his general employment afforded him the opportunity which he used in committing the tortious acts on appellee.   In cases of this character the law holds the corporation liable for the acts of its servants committed within the general scope of their employment *(Terre Haute, etc., R. Co. v. Jackson, supra)*; and whether committed while so acting is ordinarily a question of fact for the jury.  *Sharp* v. *Erie R. Co.* (1906), 184 N. Y. 100, 76 N. E. 923; *Girvin* v. *New York, etc., R. Co.* (1901), 166 N. Y. 289, 59 N. E. 921; *Ritchie* v. *Waller* (1893), 63 Conn. 155, 28 Atl. 29, 27 L. R. A. 161, 38 Am. St. 361.   In this case the jury's finding included that

6.   fact, and was against appellant, and this finding on appeal will not be disturbed, if from the evidence reasonable inferences may be drawn supporting it.   *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462; *Delaware, etc., Tel. Co.* v. *Fiske* (1907), 40 Ind. App. 348.

Appellant insists that the evidence establishes the fact that Barr was employed by it as a detective only, and the scope of his authority and duty to appellant is fixed

7.   and measured by the word "detective."   That word, as commonly understood, is defined as "one of a body of police officers usually dressed in plain clothes, to whom are intrusted the detection of crimes and the appre-

hension of the offenders." American Dict. "A policeman whose business is to detect rogues by adroitly investigating their haunts and habits." Webster's Dict. In the light of the definitions given and all the evidence disclosed by the record indicating the services required by Barr, and the circumstances under which the acts were done, we cannot say, as a matter of law, that the jury was not authorized in finding that Barr committed the wrongful acts as charged in the complaint while engaged in the line of his employment. Barr says his duty to appellant under his employment was not only to investigate crimes affecting appellant, but to locate the guilty party. In this case, after investigating the supposed loss, he evidently concluded that the money had been stolen, and that appellee was guilty of the crime. There is no claim that Barr had any authority under the law, not possessed by a private citizen, to make arrests. Where a felony has been committed any citizen may without warrant arrest a person, but he assumes the hazard of being sued for damages for false imprisonment if he arrests the wrong person. *Doering* v. *State* (1874), 49 Ind. 56, 19 Am. Rep. 669; *Golibart* v. *Sullivan* (1903), 30 Ind. App. 428; *People* v. *Glennon* (1902), 74 N. Y. Supp. 794. And a corporation must respond for the acts of its servants committed in the line of their employment.

In *Black* v. *Marsh* (1903), 31 Ind. App. 53, it is said: "The court instructed the jury to the effect that the fact that the appellee was imprisoned was sufficient to raise the presumption that such imprisonment was illegal, and that the burden of establishing the contrary was upon defendants. There was no error in this instruction. 'Whoever assaults or imprisons another must justify himself by showing specially to the court that the act was lawful.'"

Appellant also insists that the court erred in giving to the jury certain instructions requested by appellee and in

refusing to give instructions tendered by appellant. Appellee makes the point that these instructions are not in the record because not brought in by a bill of exceptions or by following Acts 1907, p. 652, §561 Burns 1908. While it is true there was no attempt to pursue either of the methods mentioned, it does appear that they were made a part of the record under the provisions of §§558 cl. 6, 560 Burns 1908, §§533, 535 R. S. 1881. The indorsement on the margin of instruction twelve is not dated, and for that reason no exception thereto was saved. *Malott* v. *Hawkins* (1902), 159 Ind. 127; *Ayres* v. *Blevins* (1901), 28 Ind. App. 101.

An instruction will not be considered where a copy or the substance thereof is not set out in the brief of the party assailing it. *Cleveland, etc., R. Co.* v. *Stewart* (1903), 161 Ind. 242; *Penn Mut. Life Ins Co.* v. *Norcross* (1904), 163 Ind. 379, 395. This ruling eliminates from our consideration all instructions given by the court to the jury, except eight, thirteen and fourteen, and those tendered by appellant and refused.

The objection to instruction eight is that it would be likely to mislead the jury. We do not think the objection well taken, as the instruction correctly informed the jury as to the legal effect of the arrest of an innocent party by a private individual without a warrant, and the instruction is sustained by *Doering* v. *State, supra; People* v. *Glennon, supra;* 3 Elliott, Evidence, §2111; Cooley, Torts (2d ed.), *175; *Girvin* v. *New York, etc., R. Co., supra.*

Instruction thirteen is subject to criticism, and ought not to have been given. The gist of the instruction, and the claim for it, is that it informed the jury that Barr's employment by appellant as a detective might be proved by circumstantial or by direct and positive testimony. But the instruction also takes into account what the jury might find from the nature of the business

transacted by appellant at Portland, Indiana, the property under its control, and the sums of money received, as tending tô show the necessity for the employment of a private detective. There was no evidence as to these facts, and there was no dispute of the fact that Barr was in the employ of appellant as special police or detective at the time the arrest was made. The fact that the arrest was made by Barr while acting within the line of his employment or within the scope of his duty was denied by appellant. While the rule is that an instruction must be within the evidence and pertinent to the issues, the digression in this case did not, on the evidence, affect the merits of the cause as tried and determined, and for that reason the judgment will not be disturbed, although the instruction is not approved. §700 Burns 1908, §658 R. S. 1881.

Instruction fourteen is unobjectionable and reads as follows: "The court instructs you that the defendant in this case may employ agents to procure the arrest and prosecution in a lawful way of those who have or are supposed to have stolen money or goods from the company, and if, in the course and scope of the general employment of such agent, he negligently and wilfully commits an assault and battery and falsely imprisons an innocent person, the company is liable." *Evansville, etc., R. Co.* v. *McKee, supra; Pennsylvania Co.* v. *Weddle, supra; Flora* v. *Russell* (1894), 138 Ind. 153.

All of the instructions tendered by appellant proceeded upon the theory that, unless the jury found that Barr was authorized by appellant to arrest and imprison appellee or to beat and strike him, the finding must be in its favor. There was no error in refusing these instructions.. *Terre Haute, etc., R. Co.* v. *Jackson, supra; Pennsylvania Co.* v. *Weddle, supra; Smith* v. *Munch, supra; Chicago City R. Co.* v. *McMahon* (1882), 103 Ill. 485, 490, 42 Am. Rep. 29; *Burns* v. *Glens Falls, etc., R. Co.* (1896), 38 N. Y. Supp. 856; *McKinley* v. *Chicago, etc., R.*

*Co.* (1876), 44 Iowa 314, 24 Am. Rep. 748; *American Express Co.* v. *Patterson* (1881), 73 Ind. 430. It is said in *Pennsylvania Co.* v. *Weddle* (1885), 100 Ind. 138: · "A corporation is responsible for the acts of an agent performed while engaged in the discharge of duties within the general scope of his agency, although the particular act was wilful and was not directly authorized." And in *Smith* v. *Munch* (1896), 65 Minn. 256, 68 N. W. 19: "The fact that the servant, in committing the tort, may have exceeded his actual authority, or even disobeyed his express instructions, does not alter the rule."

Judgment affirmed.

PER CURIAM.—Since the decision of this cause on appeal, and within the term, it was made to appear that after its submission, and before decision here, appellee died.

16. It is therefore ordered that the judgment be affirmed as of the date of the submission of the cause.