## INLAND STEEL COMPANY *v.* ILKO.

[No. 22,484.   Filed October 28, 1913.   Rehearing denied
January 13, 1914.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Statutes.—Guarding Machinery.*—Section 9 of the Factory Act (§8029 Burns 1908, Acts 1899 p. 231), providing that all beltings, shafting, set screws and machinery of every description shall be properly guarded, not only requires the guarding of such belting, machinery, etc., so as to protect employes from accidents that might be avoided by due vigilance on their part, but also contemplates the taking of such precautions for their protection against accidents caused by the breaking of machinery, so that a master, who failed to guard a belt which might have been guarded without seriously impairing the efficiency of the machine, is liable to a servant who suffered personal injuries by reason of the breaking of such belt. p. 74.

2. MASTER AND SERVANT.—*Injuries to Servant.—Guarding Machinery.—Burden of Proof.*—In an action for personal injuries, based on the master's failure to guard machinery as required by §9 of the Factory Act (§8029 Burns 1908, Acts 1899 p. 231), the plaintiff must aver and prove that it is practicable to guard the machine or device in controversy without impairing its efficiency. p. 77.

3. TRIAL.—*Issues.—Evidence.*—Where a fact in issue is established by competent relevant evidence, it is immaterial which party introduced it, or what the purpose was in offering it, so that a verdict for plaintiff will not be disturbed on the evidence for plaintiff's failure to prove the practicability of guarding a belt, where evidence sufficient to establish such practicability was introduced by defendant in support of its theory of defense to a certain paragraph of the complaint. p. 77.

4. EVIDENCE. — *Opinion Evidence. — Admissibility.* — Opinion evidence is only admissible where the subject-matter under investigation makes it necessary. p. 78.

5. MASTER AND SERVANT.—*Injuries to Servant.—Guarding Machinery.— Practicability.— Jury Question.— Evidence.*— In an action for injuries resulting from failure to guard a belt, the question of

the practicability of guarding same without impairing the efficiency of the machine was for the jury, and its finding that such guard was practicable was sufficiently supported in the absence of opinion evidence on that subject, where the oral testimony, as well as photographs introduced in evidence, showed that the operation of the machine was simple, and fully described its surroundings, showing that there was ample room in which to install a guard. p. 79.

6. TRIAL.—*Instructions.—Applicability to Issues.*—An instruction should be applicable to some issuable fact in controversy, so that in an action for damages for personal injuries resulting from a violation of the Factory Act, an instruction on defendant's criminal responsibility was improper. p. 79.

7. APPEAL.— *Review.— Instructions.— Presumption as to Effect of Error.*—In an action for damages for personal injuries resulting from a violation of the Factory Act, the error in giving an instruction as to defendant's criminal responsibility must be deemed prejudicial, unless the record as a whole discloses the contrary. p. 79.

8. APPEAL.—*Review.—Harmless Error.—Instructions.*—Under §700 Burns 1908, §658 R. S. 1881, the reversal of a judgment is unwarranted where the error, however palpable, did not harm the appellant, so that a judgment in an action for damages for personal injuries resulting from a violation of the Factory Act will not be reversed because of error in instructing as to defendant's criminal responsibility, where the record discloses that the verdict was not excessive, and that the alleged violation was the proximate cause of the injury. p. 79.

9. APPEAL.— *Review.— Harmless Error.— Instructions.*— Error, if any, in an instruction relating to future pain and suffering, given in a personal injury action, was harmless where the verdict was not excessive. p. 80.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Mike Ilko against the Inland Steel Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under subd. 2, §1394 Burns 1908, Acts 1901 p. 565.) *Affirmed.*

*L. L. Bomberger, J. A. Bloomington, Bomberger, Sawyer & Curtis* and *John H. Gillett,* for appellant.

*F. N. Gavit, T. M. C. Hembroff* and *J. E. Westfall,* for appellee.

MORRIS, J.—Appellee was injured in appellant's bar-mill warehouse, while employed in operating a cold saw used in cutting long I-beams into shipment lengths. The saw was propelled by an electric motor connected with a shaft to which the saw was attached, by an endless belt 41 feet long, 16 inches wide, and very heavy. While running at a high rate of speed, the belt broke into two pieces, one of which was hurled against appellee with such violence as to cause him serious bodily injuries, and by reason thereof, this action was brought against appellant for damages

The complaint is in two paragraphs. The sufficiency, on demurrer, of the second is challenged by appellant. This paragraph is based on the alleged failure of appellant to guard the belt, in violation of §9 of the act of 1899, commonly known as the Factory Act (Acts 1899 p. 231, §8029 Burns 1908). It is alleged in the paragraph that appellee's duties required him to work at and about the belt, rapidly revolving, within one foot of the floor; that the belt was unguarded; that it was practicable to guard it, without materially impairing the efficiency of the machine driven thereby; that appellee in performing the duties of his employment was required to stand at a point about three feet from the revolving belt; that while he was in such position it broke and a portion thereof was hurled against him, causing certain enumerated injuries of a serious and permanent nature; that the proximate cause of his injuries was the failure to guard the belt.

Appellant zealously contends that, in the enactment of the statute, it was the legislative intent only to protect employes from coming in contact with dangerous
1. belts and machinery, while in normal operation, and not to prevent injury caused by broken belts or machinery, and therefore the second paragraph of complaint is insufficient. The same theory is embodied in appellant's seventh requested instruction which was refused. If appellant's theory be correct, of course the paragraph is insuf-

ficient, for appellee was not injured by coming in contact
with the belt while running in its normal position. The
title of the Factory Act is as follows: "An Act concerning
labor, and providing means for protecting the liberty, safety
and health of laborers, providing for its enforcement by
creating a department of inspection, and making an appro-
priation therefor, repealing all laws in conflict therewith."
Section 9 of the act provides "* * * all vats, pans, saws,
planers, cogs, gearing, belting, shafting, set screws and
machinery of every description therein shall be properly
guarded * * *." In *United States Cement Co.* v. *Cooper*
(1909), 172 Ind. 599, 88 N. E. 69 it was contended that this
act did not apply to the mechanical device there in con-
troversy, because of the doctrine of *ejusdem generis*. In the
opinion, there was a determination of the legislative intent
in the factory act, that bears on the point in controversy
here. It was said on page 611: "To hold that the General
Assembly, in devising a general plan for protecting the
safety and health of factory laborers, as indicated by the
title, has gone to the pains of ordaining an inspection of
buildings, of providing safety devices for the use of elevators
and of stairways, the manner of swinging doors of egress,
for the control of belts and pulleys, for maintaining com-
munication with engine rooms, and for the guarding of a
few minor appliances, and has left the peril arising from the
great body of dangerous machinery used in such places
wholly unrestricted, is absurd, and it is discourteous to the
legislature to impute to it such lawmaking imperfection.
Considering the general purpose of the legislation, as dis-
tinctly shown by the various provisions of the act, it becomes
plain that the design of the lawmakers was the selection of
certain manufacturing instrumentalities, generally known to
be dangerous, and susceptible of being guarded without im-
pairing their usefulness, and the imposition upon masters
of the general duty of properly guarding all such instru-
mentalities, on the penalty that failure to do so should be

accounted negligence *per se.* * * * It is the duty of every employer of labor mentioned * * * to guard or to fence all dangerous machines, and all dangerous parts of machines, so as to decrease the danger to those working with or about them, as far as may reasonably be done; * * * What the law seeks is to lessen the danger to laborers in such establishments.'' It is a matter of common knowledge that belts used on manufacturing appliances frequently break, and, in breaking, are likely to produce serious injury to employes whose duties require them to work either at, or in the immediate vicinity of the machinery propelled by means of the belt. It is also worthy of consideration that while extreme vigilance would ordinarily prevent the workman from coming in contact with a belt revolving in normal position, no degree of care on his part might avoid the possibility of injury from the blow of a broken belt hurled from its normal place by powerful machinery. It is also a matter of common knowledge that it is extremely difficult to determine, by careful inspection, the lasting qualities of belts manufactured for use on some of the great machines employed in modern manufacturing establishments. The belt in controversy here was, in the language of appellant's brief, ''brand new''; it had only been in use about three days, was purchased by appellant of a reputable manufacturer, and was inspected by appellant's foreman thirty minutes before the accident, and by him declared safe for use. Belts of the same manufacture and the same presumed quality, had theretofore lasted from six to seven months, running on the same machine. In *United States Cement Co.* v. *Cooper, supra,* it was said on page 607 that the legislature may go further than the common law, and set up a particular standard of duty to promote the safety of factory employes, and that ''It is obvious that this is what the lawmakers sought to accomplish by the act in question.'' In our opinion, appellant's theory of the legislative intent would unreasonably limit the scope of the act. Its

language does not suggest such interpretation, and it is difficult to conceive why, in throwing additional safeguards around the employe to protect him against accidents that might be avoided by due vigilance, it left him without recourse to other than common-law remedies for injuries not preventable by the most vigilant care. The court did not err in overruling the demurrer to the second paragraph of complaint, and, for the same reasons, it rightly refused to give to the jury the seventh requested instruction.

Appellant contends that reversible error was committed in overruling its motion for a new trial, which challenged the sufficiency of the evidence to support the verdict of the jury, and the correctness of certain instructions given. The first paragraph of complaint was grounded on the theory of a common-law liability. There was a general verdict for appellee, accompanied by answers to interrogatories submitted. Instructions Nos. 8 and 9, given by the court, authorized a verdict for appellee on his second paragraph of complaint, in case all the material allegations thereof were found established. Appellant claims there was no evidence whatever to prove that it was practicable to guard the belt without materially impairing the use of the machine, and that it is impossible for this court to determine that the verdict rests on the first paragraph of complaint. Appellee claims there is sufficient evidence to support a finding for appellee on this issue, but further insists that in any event the burden of such issue was on appellant. As to the latter proposition, this court has held that the burden is on the plaintiff to aver and prove that it is practicable to guard the machine or device in controversy, without impairing its efficiency. *State* v. *Rodgers* (1910), 175 Ind. 25, 93 N. E. 223, and cases cited on page 28. There was no opinion evidence given, relating to the feasibility of guarding the belt, but the belt and machine, and the operations thereof, together with their location and surroundings, are described in minute detail in the oral evi-

dence of various witnesses. In addition thereto, two photographs of the machine with the belt on it, showing front and side view of the belt and machine situated in the same enclosure as at the time of the accident, are found in the record. There is also a plan of the floor of the wareroom, showing the location of the saw, of the lever at which appellee worked, the table rolls on which the I-beams were moved to the saw, the adjacent platform on which other employes worked, and the electric switch used for turning on and off the electric current that drove the motor. The machine was designed and used for sawing long I-beams into such lengths as might be desired. The saw was covered by a metal shield, as were also the rolls, and gearing thereof, on which the beams were moved. There was nothing in the construction or operation of the machine, that might not readily be comprehended by a person of ordinary intelligence. Its operation appears as simple as that of an ordinary saw used for cutting wood. The evidence above noted was, in the main, introduced by appellant, and in support of its theory of defense to the first paragraph of complaint. If, however, a fact in issue is established by competent relevant evidence, it matters not which party introduced it, or what other purpose he had in view in offering it. *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, 63 N. E. 456.

Opinion evidence is only admissible where the subject-matter under investigation makes it necessary. In *Brunker* v. *Cummins* (1892), 133 Ind. 443, 32 N. E. 732, it
4.  was said: "It is safe to assume at the outset, that where the facts can be fully placed before the jury, opinion evidence, even from experts, is incompetent if the facts are of such a nature that jurors are as well qualified to form an opinion upon them as the witness." See, also, *Elkhart, etc., R. Co.* v. *Waldorf* (1897), 17 Ind. App. 29, 46 N. E. 88; 17 Cyc. 40. The law required the fencing or guarding of the belt, if practicable, without material im-

pairment of the efficiency of the machine. This question was for the jury's determination. In our opinion, no opinion evidence was necessary to aid it in determining this matter, and the evidence was sufficient to support the finding in favor of appellee. The evidence discloses that there was ample room in which to install a guard, without in any way affecting the efficiency of the machine, or interfering with the work of employes in operating it. It is true that a guard might cause some inconvenience in placing the belt on the pulleys, and in removing or repairing it, but such inconvenience results from guarding any belt, and would not excuse a failure to comply with the statute.

In instruction No. 8 given, the court, among other things, said: "This statute [Factory Act] makes the use of such belting, as is in the statute, without such guard, a criminal offense for which the operator of the factory may be fined." Such instruction was erroneous. The criminal section of the act was in no manner involved in any matter in issue. The duty of the trial court in instructing the jury is limited by the scope of the issues. The fact that a given instruction may correctly state the law, as an abstract proposition, does not cure the defect. The instruction must be relevant to some issuable fact in controversy. *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 25 N. E. 156. Such error must be deemed prejudicial unless an examination of the entire record discloses the contrary. In this case, we are satisfied the error was harmless. Appellant does not claim the verdict was excessive. The belt was not guarded, and the lack thereof was the proximate cause of the injury. It could have been guarded without impairing the efficiency of the machine. The appellant made no defense whatever to this allegation of the complaint. Its sole defense to the second paragraph was that appellee's duties did not require him to be in dangerous proximity to the belt while in normal operation, and that the statute did not re-

quire a guard to protect him from injury from the breaking of the belt. Where an error of this nature, however palpable, did not substantially harm appellant, a reversal of the judgment would be unwarranted. §700 Burns 1908, §658 R. S. 1881.

It is insisted that instructions Nos. 6 and 12, given by the court, and applicable only to the first paragraph of complaint, are conflicting and erroneous, and for such reason the judgment should be reversed. Like complaint is made of instructions Nos. 7 and 16. *Wenning* v. *Teeple* (1895), 144 Ind. 189, 41 N. E. 600. Without setting out the instructions, it is sufficient to say that no substantial conflict is found. Instruction No. 10 related only to the assessment of damages. It is claimed that that portion of the instruction, relating to future pain and suffering, is erroneous. No complaint is made of the other portions, relating to the assessment of damages for past pain and suffering, loss of earning capacity, etc. Were it conceded that error exists in the portion of the instruction assailed, it should be deemed harmless here because no complaint is made of the amount of the verdict. If the damages awarded are only just compensation for past suffering and loss of earning capacity, conceded error in directing the jury on the subject of prospective pain and suffering could not prejudice appellant's substantial rights. Complaint is made of instructions Nos. 3, 4 and 7 given by the court. A consideration of them discloses no harmful error.

There was some evidence to support each material allegation of the first paragraph of complaint, and the record discloses no error which worked substantial harm to appellant. Judgment affirmed.

NOTE.—Reported in 103 N. E. 7. See, also, under **(1)** 26 Cyc. 1134; **(2)** 26 Cyc. 1392; **(3)** 17 Cyc. 799; **(4)** 17 Cyc. 40; **(6)** 38 Cyc. 1612, 1614; **(7)** 3 Cyc. 386; **(8)** 38 Cyc. 1809; **(9)** 38 Cyc. 1814. As to liability of employer for defective machinery and appliances, see 77 Am. Dec. 218; 98 Am. St. 289. As to employe's

right of action for employer's violation of statutory duty as to guards about machinery, see 9 L. R. A. (N. S.) 381. As to the liability of a master to a servant for injuries caused by the breaking of a belt on machinery, see 21 Ann. Cas. 94.