WARD BROTHERS COMPANY, INCORPORATED, *v.* ZIMMERMAN, ADMINISTRATRIX.

[No. 13,382. Filed May 16, 1929.]

354

*Bomberger, Peters & Morthland, Oscar Haney* and *John A. Bloomingston,* for appellant.

*Osborn, Osborn & Link, Gavit, Smith, Hall & Gavit* and *Darrow, Rowley & Shields,* for appellee.

REMY, J.—Action by appellee, as administratrix of the estate of her deceased husband, to recover damages for his death, alleged to have been caused by appellant's negligence. Complaint in one paragraph was answered by denial. Trial resulted in a verdict and judgment for $10,000.

Action of the court in overruling motion for new trial is assigned as error.

Facts alleged in the complaint, and in support of which there is some evidence, are: That, at the time of his death, appellee's decedent was a teamster fifty-nine years of age, with an earning capacity of $1,200 per year;

that at 5:50 o'clock on the morning of December 10, 1925, he, with his wagon and team, was proceeding southward on a public highway near the city of Laporte, the wagon and team being at the time west of the center line of the highway; that a motor truck, with dim lights, operated by appellant's agent at a high and dangerous rate of speed, was approaching from the south; that the operator of the truck negligently failed to decrease the speed of the truck, or to steer it to the right, until he was in close proximity to the wagon and team, and, when he attempted to do so, the brakes locked, causing the truck to skid and to collide with decedent and his team, resulting in the death of decedent, who left surviving him his widow as his sole dependent. The record shows that there is competent evidence to sustain each material allegation of the complaint, although there is a sharp conflict in the evidence as to the speed of the truck and the location of the truck and wagon relative to the center line of the highway.

It is urged by appellant that the trial court erred in the giving of certain instructions, and in the refusal to give others tendered by appellant.

It is first suggested by appellee that neither the instructions given nor those refused are properly in the record, for the reason that it does not appear that those given were signed by the court in compliance with clause 6 of §376 of the Code of Civil Procedure (§584 Burns 1926), and that those tendered and refused are not signed by counsel for the party who made the tender, in compliance with the act of 1907 (Acts 1907 p. 652, §586 Burns 1926). Appellee has overlooked the fact that the instructions given and those tendered are brought into the record by special bills of exceptions. That being true, the statutes referred to by appellee have no application. *Ayers* v. *Blevins* (1901), 28 Ind. App. 101, 62 N. E. 305. The provision in each

of the above statutes, in reference to instructions being signed, is designed to make identification sure. This is unnecessary when the instructions are brought into the record by bill of exceptions, for there is no way of establishing verity which is superior to a bill of exceptions. In this record appears a bill which shows that appellant, defendant below, tendered certain instructions. They are set out by number with recital as to which were refused and that exceptions were taken. Then the bill recites, that thereupon "the court instructed the jury in writing and gave the following instructions and no other." Then follow the instructions with a recital of the exceptions. The instructions are in the record.

Error is predicated upon the action of the court in refusing to give appellant's tendered instructions Nos. 1, 6, 7 and 10. The first three relate to contributory negligence, and, in so far as they correctly state the law, are covered by instructions Nos. 5 and 6 given by the court on its own motion.

By its tendered instruction No. 10, appellant sought to have the court instruct the jury that, under the law as it existed at the time, a speed of less than thirty-five miles an hour was *prima facie* not negligent, this being urged in view of the statute (Acts 1925 p. 594, §10140 Burns 1926) making speed greater than thirty-five miles per hour *prima facie* negligent. It is true that, by the statute referred to, a speed in excess of the limit there fixed is *prima facie* negligent, but the converse is not necessarily true. The statute provides that no person shall operate a motor vehicle on a public highway at a speed greater than is reasonable and prudent, and it is easily conceivable that one might violate this provision of the statute, and still be well within the *prima facie* limit fixed. The legislature might by statute have created the presumption urged by appellant, but it did not do so, and it is not the province of this

court to enlarge the statute.

On the trial, there was evidence tending to prove that, at the time of the collision which resulted in the death of appellee's decedent, appellant was operating its motor truck with insufficient headlights, and the court, by instruction No. 11 given on its own motion, correctly stated the statutory provision in reference to the use of headlights on motor-driven vehicles, as the same is found in §28 of the Motor Vehicle Act (Acts 1925 p. 570, §10129 Burns 1926), and concluded the instruction with the words: "A violation of this statute is made a crime against the state, and any violation of this statute is negligence." It is contended by appellant that this instruction was outside the issues in so far as it informed the jury that violation of the headlight provision of the Motor Vehicle Act is "a crime against the state"—was a call to the jury to enforce the criminal law, and was therefore reversible error. We concur in that view. A like question was before the Supreme Court in *Inland Steel Co.* v. *Ilko* (1913), 181 Ind. 72, 103 N. E. 7, and the court held that it was error so to instruct the jury. In that case, it was not claimed that the damages assessed were excessive, and the court held that the giving of the instruction could not have been harmful, for the reason that upon the record it affirmatively appeared that the correct result had been reached. In the case at bar, appellant assigned excessive damages as a reason for new trial; and, on appeal, the question is properly presented. Whether, under the evidence, an award of $10,000 is excessive, it is unnecessary here to decide; but it is a large verdict, and we have no means of knowing from the record before us that the jury was not influenced to award a larger sum because of the instruction.

Reversed.

McMahan, J., not participating.