ZEUCH *v.* DURBIN ET AL.

[No. 14,103.   Filed May 29, 1931.]

488

*Samuel M. Keltner, Betty & Betty* and *Diven, Diven & Campbell,* for appellant.

*Pence & O'Neill,* for appellees.

NEAL, C. J.—Appellant, plaintiff below, instituted this action to recover the balance of principal and interest, in the sum of $6,865.67, as evidenced by a promissory note executed by William N. Durbin and Joseph E. Hennings.

The complaint is in one paragraph. The payors, defendants below, answered in three paragraphs: (1) General denial; (2) no consideration; (3) fraud in the procurement of the note by false and fraudulent representations. The defendants filed a cross-complaint in which they alleged that the note sued on was procured by fraud and by false and fraudulent statements, representations, and conduct of the plaintiff and his agent in the sale of certain real estate purchased by defendants, which real estate was located in Indian River County,

State of Florida; that they, the defendants, had rescinded the contract and had offered to reconvey the real estate so purchased. Prayer for $10,000 damages and for cancellation of the note sued on and another note secured by a mortgage on the real estate sold.

Plaintiff filed separate demurrers to the third paragraph of answer and the cross-complaint, which demurrers were each overruled. Issues were closed by an answer and reply of general denial respectively to the cross-complaint and answer.

The case was tried by a jury, which returned a verdict for the defendants upon the issues tendered by plaintiff's complaint and for the defendants on the third paragraph of answer and also for the defendants upon their cross-complaint, and assessed their damages at $50. Judgment followed the verdict, hence this appeal.

The several errors assigned are: (1) Overruling demurrer to the third paragraph of answer; (2) overruling demurrer to the cross-complaint; (3) overruling motion for new trial, and the several causes thereunder specified are: (a) The verdict is not sustained by sufficient evidence; (b) the verdict is contrary to law; (c) separate error in the giving of each of the instructions Nos. 8, 9, 10, 12, 14, 15, 16, 17, 18 and 21, by the court on its own motion, and separate error in giving defendants' instructions Nos. 4 and 10; (d) separate error in the admission of each of the several items of evidence over objection of plaintiff.

We do not believe it is necessary to set forth the substance of the several allegations of the third paragraph of answer or of the cross-complaint. Suffice it to say that each pleading alleges false and fraudulent representations by one Fred Acker, agent of the plaintiff in the sale of the real estate located in Indian River County, State of Florida, to the defendants; that the defendants and each of them relied upon the

representations, believed the same to be true, were deceived and misled by the same, and induced thereby to execute with Acker for the plaintiff their contract and agreement by the terms of which they agreed to pay therefor the sum of $22,050 as the purchase price of the real estate; that the defendants had no information that the fraudulent representations were untrue until long after they had executed their several notes; that, upon learning and being advised of the falsity of the several statements and misrepresentations and the fraud perpetrated upon them, the defendants rescinded the contract of purchase and offered to reconvey the same to the plaintiff, and demanded the return of their notes and money paid thereon by the defendants, all of which was refused by the plaintiff. The court did not commit error in overruling the demurrer to the third paragraph of answer of the cross-complaint.

We have carefully examined the several instructions which appellant contends were erroneous and prejudicial. When the instructions of which appellant complains are read in connection with all the other instructions given by the court, we cannot say that reversible error has been committed.

In the instant case, 53 instructions were given by the court, 28 on the court's own motion, 10 at the request of defendants, and all the other instructions being tendered by the plaintiff. The jury was amply and voluminously instructed on the law as applied to the particular facts admitted in evidence under the issues.

We do not find reversible error in the admission of the several items of evidence of which plaintiffs complain.

We have carefully read the evidence, and are convinced that the verdict of the jury was right under the evidence; that a correct result was reached, and that no reversible error has been shown to exist. *Pittsburgh, etc., R. Co.* v. *Rushton* (1925), 90 Ind.

App. 227, 148 N. E. 337, 149 N. E. 652; *Union Traction Co.* v. *Barnett* (1920), 75 Ind. App. 19, 127 N. E. 287; *Grand Rapids R. Co.* v. *King* (1908), 41 Ind. App. 701, 83 N. E. 778; *Vandalia R. Co.* v. *Stevens* (1917), 67 Ind. App. 238, 114 N. E. 1001; *Prudential Ins. Co.* v. *Union Trust Co.* (1914), 56 Ind. App. 418, 105 N. E. 505; *Indianapolis, etc., Transit Co.* v. *Reeder* (1912), 51 Ind. App. 533, 100 N. E. 101; *Shields* v. *State* (1897), 149 Ind. 395, 49 N. E. 251; *Inland Steel Co.* v. *Ilko* (1913), 181 Ind. 72, 103 N. E. 7.

Judgment affirmed.