ILLINOIS BELL TELEPHONE COMPANY *v.* PAPPADIKIS.

[No. 15,852. Filed November 29, 1938. Rehearing denied February 28, 1939. Transfer denied May 16, 1939.]

Bomberger, Peters & Morthland, Berry & Nolin and Cutting, Moore & Sedley, for appellant.

Perry R. Chapin, Fraser & Isham and Carl Francischini, for appellee.

LAYMON, J.—This is an appeal from a judgment of the Benton Circuit Court awarding appellee damages for personal injuries sustained as the result of a collision of an automobile in which appellee was riding and appellant's truck. The collision occurred at the intersection of 139th and Carey streets in the city of East Chicago, Indiana.

The issues were formed by a complaint in one paragraph and an answer in general denial. A trial by the court and jury resulted in a verdict and judgment in favor of appellee in the sum of $5,000. In due time appellant filed its motion for a new trial, which was overruled. It is the action of the trial court in overruling this motion which appellant has assigned as error for reversal. Appellant has set out in its motion for a new trial fifty-seven separate specifications of alleged error, but the grounds or reasons urged in its brief under "Propositions and Authorities" may be summarized as follows: alleged error in sustaining objections to certain questions propounded by appellant to appellee's witnesses; alleged error in the admission and rejection of certain evidence; alleged misconduct of counsel in argument; excessive damages; and alleged error in giving and refusing to give each of certain instructions.

In addition to other facts alleged, the complaint charged that appellant, at the time and place in ques-

tion, negligently, carelessly, and unlawfully drove its truck over and across the intersection of 139th and Carey streets in the city of East Chicago at a high and dangerous rate of speed, to wit, 35 miles per hour. Upon the trial there was some evidence tending to prove this charge in the complaint, and the trial court, by instruction No. 11 given upon its own motion, correctly stated the statutory provisions then in force in reference to the speed of motor vehicles as applicable to the facts, and concluded that paragraph of the instruction reciting the statutory law with this statement: "It also provides that the violation of either of said conditions constitutes a misdemeanor."

Appellant duly excepted to the giving of this instruction and urges that this instruction was outside the issues in informing the jury that the statute provided that the violation of either of said conditions constituted a "misdemeanor"; that it was improper to advise a jury in a civil action that a violation of a statute is a criminal offense and was therefore reversible error.

To meet this contention appellee insists that although the court employed the word "misdemeanor" in the instruction, there was no call to the jury to enforce the criminal law; that if the instruction is erroneous by reason thereof, it was not harmful, for the reason that from the record it appears a correct result has been reached.

A similar question as here presented was before our Supreme Court in the case of *Inland Steel Co.* v. *Ilko* (1914), 181 Ind. 72, 103 N. E. 7. There the trial court gave an instruction which, among other things, said (p. 79) : " 'This statute [Factory Act] makes the use of such belting, as is in the statute, without such guard, a criminal offense for which the operator of the factory may be fined.' " The court held the instruction erroneous.

In the case of *Ward Brothers Co., Inc.* v. *Zimmerman, Admx.* (1929), 89 Ind. App. 353, 166 N. E. 545, this court had before it the question of whether the giving of an instruction in a civil suit containing the following language "A violation of this statute is made a crime against the state, and any violation of this statute is negligence" was erroneous and reversible error. This court, upon the authority of the case of *Inland Steel Co.* v. *Ilko, supra,* held the instruction erroneous, and after reaching this conclusion proceeded to determine whether the giving of the instruction was harmful, whether it could be said that from the record it affirmatively appeared that the correct result had been reached. In disposing of this question the court said (page 357) : "In the case at bar, appellant assigned excessive damages as a reason for new trial; and, on appeal, the question is properly presented. Whether, under the evidence, an award of $10,000 is excessive, it is unnecessary here to decide; but it is a large verdict, and we have no means of knowing from the record before us that the jury was not influenced to award a larger sum because of the instruction." The judgment of the trial court was reversed.

We think that the use of the word "misdemeanor" conveys the same meaning and carries the same significant effect as the phrases "crime against the state" or "criminal offense," and we conclude that the instruction was erroneous.

In the case at bar the jury awarded appellee $5,000. The record discloses a sharp conflict in the evidence pertaining to the extent of appellee's injuries and whether or not they were permanent. From a careful examination of the entire record we are unable to say that the jury was not influenced by the instruction here in question.

There are other questions presented in this appeal,

but no good purpose would be served by discussing them, as they, in all probability, will not likely occur upon a retrial of this cause.

Judgment reversed, with directions to sustain appellant's motion for a new trial and for further proceedings.

Dudine, J., concurs.