JUNIOR TOY CORPORATION v. NOVAK ET AL.

[No. 16,095. Filed June 13, 1939. Rehearing denied November 28, 1939. Transfer denied January 29, 1940.]

428

*James C. Brown,* and *Bomberger, Peters & Morthland,* for appellant.

*Frazer & Isham, Perry R. Chapin,* and *Lawrence L. Huffman,* for appellees.

STEVENSON, C. J.—The appellant was, on August 23, 1934, a corporation engaged in the manufacture of toys at Hammond, Indiana. On that date the appellee Roy Anderson was employed by the appellant as a foreman in one of its departments. The appellee William Novak went to the appellant's factory on the date above stated for the purpose of seeking employment and while there was assaulted and severely beaten by the appellee Roy Anderson. Following this altercation, the appellee William Novak filed suit against the appellant and Roy Anderson to recover damages for the injuries sustained. The case was submitted to a jury which returned a verdict against both defendants in favor of the appellee William Novak in the sum of $2,000.00. Certain interrogatories were submitted to the jury which they answered and returned along with their general verdict. A motion for judgment notwithstanding the verdict was filed and overruled, and judgment was entered upon the verdict. Within due time a motion for new trial was filed, the motion was overruled, and this appeal has been perfected.

The errors assigned in this court are, first, that the trial court erred in overruling the appellant's motion for new trial and second, that the trial court erred in overruling appellant's motion for judgment notwithstanding the general verdict.

The appellant contends under the first assignment of error that the verdict of the jury is not sustained by sufficient evidence and is contrary to the law. The reason assigned in support of this contention is that the evidence shows that the appellee Roy Anderson was not at the time of the alleged assault and battery performing any act or service for the appellant nor was he engaged in the discharge of any duty in the furtherance of the appellant's business. The appellant contends that the burden is upon the appellee Novak to show that the act complained of was committed by Anderson while in the service of the appellant and within the line of duties that he was hired to perform and in furtherance of the appellant's business.

In passing upon this contention it is accordingly necessary for us to review the evidence. The evidence discloses that on the occasion in question, Roy Anderson was employed by the appellant as foreman in charge of the assembly department. One of his brothers was president, and another brother was vice-president of the corporation, two other brothers were foremen, and each of the brothers was authorized to hire employees. The evidence further discloses that they maintained an "employment office", so marked, in one of their buildings near the main entrance to the factory. That on the morning of August 23, 1934 at about 10:00 o'clock the appellee William Novak and several other persons were waiting in the hallway inside the main entrance door and near the employment office for the purpose of filing their applications for employment. While so waiting one of these applicants snatched a cap from the head of another boy and threw it out of the entrance door and then locked the door. Shortly thereafter Roy Anderson came from the outside and pounded on the door demanding entrance. A girl in the waiting line unlocked the door and Ander-

son came in and demanded to know who had locked the door. Some one pointed to the appellee Novak, whereupon Anderson asked him if he locked the door, to which question Novak replied in the negative. Anderson then knocked Novak down and proceeded to administer a beating. He then took Novak into the general offices of the plant where he was questioned by other men connected with the appellant's factory and after further questioning and threats, they ordered Novak to leave the premises which he did.

The general rule of law is as claimed by the appellant, that the appellant could not have committed the assault and battery complained of through its agent, servant and employee except as such person was acting in the line of duty as such agent, employee or servant when he committed the assault and battery. In cases of this character the law holds the corporation liable for the acts of its agents or servants committed within the general scope of their employment and whether committed while so acting is ordinarily a question of fact for the jury. *Grand Rapids etc. R. Co.* v. *King* (1908), 41 Ind. App. 701, 83 N. E. 778; *Southern R. R. Co.* v. *Crone* (1912), 51 Ind. App. 300, 99 N. E. 762.

In determining the sufficiency of the evidence to support the verdict we are required to look alone to that most favorable to the general verdict which is in itself a finding that every fact essential to recovery on the complaint was sustained by the evidence. While an examination of the evidence has impressed us with the fact that there is little if any direct evidence that can be said to indicate that Anderson on the occasion in question was acting within the scope of his authority, yet there was some evidence from which the jury might have drawn such inference. The appellee Anderson was a foreman

in the factory operated by a corporation whose president and vice-president were his brothers. Two other brothers also held positions as foremen. There was testimony that they each had authority to hire employees and the jury so found. Following the assault and battery the appellee Novak was taken to a private office by Anderson for further questioning in the presence of others connected with the corporation. He was ordered to leave the premises and shortly afterward the appellee Anderson was heard to say in response to an inquiry as to how the controversy had arisen, "Oh that's the only way we got to get rid of them guys." These circumstances, together with the time of day on which the injury occurred, were sufficient in our opinion, together with reasonable inferences that might be drawn therefrom, to warrant the jury in finding that the acts of Anderson were committed during his employment and within the general scope thereof.

The law is well established that it is not essential that every fact necessary to recovery be proven by direct or positive evidence and where the existence of a fact may be reasonably inferred from the facts and circumstances which the evidence tends to establish, it will be sufficient on appeal. *Federal Life Insurance Company* v. *Sayre* (1924), 195 Ind. 7, 142 N. E. 223.

In addition to the general verdict returned in favor of the appellee William Novak, the jury also answered certain interrogatories. Included among the interrogatories submitted to and answered by the jury were the following: No. 7: "Was the defendant Roy Anderson at the time and place of the assault and battery actually performing some duty in furtherance of his master's business?" Answer, "Yes." No. 8: "If you answer the above interrogatory, No. 7, 'Yes',

what particular duty was he actually performing for the defendant, Junior Toy Corporation?'' Answer, ''No evidence.''

The appellant contends that these interrogatories are in irreconcilable conflict and that accordingly it is equivalent to a finding that Anderson was in truth and in fact performing no duty for the appellant at the time of the injury complained of. Conceding without deciding that the appellant's position is correct to the extent that the answers to the interrogatories Numbers 7 and 8 are in irreconcilable conflict, the only effect of such inconsistency is that they nullify and destroy each other and cannot control the general verdict. *Standard Oil Company of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, 13 N. E. (2d) 336. There was accordingly no error in overruling the motion for judgment notwithstanding the general verdict.

Complaint is made to the effect that the court erred in giving to the jury its Instruction No. 4. This instruction contained among others the following statement:

''. . . . if you should find from a preponderance of the evidence that this assault and battery was committed by the defendant Anderson while acting as the agent and servant of the defendant The Junior Toy Corporation and while acting in the line and scope of his employment and authority as such agent and servant, then and in such case, the defendant Junior Toy Corporation would be liable.''

The appellant contends that this instruction was erroneous for the reason that an essential element of fact was omitted therefrom. The appellant contends that the essential element of fact omitted is that the act must have been done in the furtherance of the master's business. It is our opinion that this element

is not an essential element on which to predicate liability. Responsibility of the master is not limited to those acts of the servant which promote the object of the employment. (18 R.C.L. 797.) "If the act is done within the general scope of the employment and is wrongful the master is liable although the act is unnecessary to the performance of the master's service and was not intended for that purpose." *The Indianapolis, Peru, and Chicago R. R.* v. *Anthony* (1873), 43 Ind. 183, 189. It is our opinion therefore that Instruction No. 4 as given by the court was a correct statement of the law.

Complaint is further made of the refusal of the court to give to the jury certain of the appellant's tendered instructions. Instruction No. 6 tendered by the appellant and refused informed the jury that before responsibility could attach to the master the plaintiff must prove that the act committed by the servant was done in the furtherance of the master's business. Instruction No. 7 tendered by the appellant and refused informed the jury that the act done by the servant must be with the object in view of accomplishing the purpose of his employment. As before stated these are not essential elements on which to predicate liability and the court did not err in refusing to give these instructions.

Complaint is further made of the refusal to give to the jury appellant's tendered Instruction No. 5, which informed the jury that there could be no liability on the part of the appellant if Anderson had not yet entered upon his duties as an employee. This same element was embodied in the appellant's tendered Instruction No. 10. It is our opinion that the subject-matter of these tendered instructions was sufficiently covered by the court in its instruction No. 5. By this instruction the court sub-

mitted to the jury the question of whether at the time of the commission of the assault and battery, Anderson was acting as agent and servant of the appellant, and the question of whether at said time he was acting in the line of his employment and within the scope of his authority, and told the jury that in answering these two questions, it was entitled to take into consideration whether or not Anderson was in the pay and employ of the appellant; the nature and extent of that employment; whether he had actually entered the office and building of the appellant; whether he had actually entered upon his day's work for appellant; whether he was actually engaged in the course of his duties for appellant and in the furtherance of his employment as such agent and servant

"and all other such facts and circumstances in evidence, if any, as may legitimately and properly throw light upon the question as to whether at the time of said alleged assault and battery, defendant, Anderson, was or was not acting as the agent and servant of the defendant, The Junior Toy Corporation, and whether if so acting as such servant and agent, he was acting within the line of his employment and within the scope of his authority as such agent and servant."

Appellant complains of the giving of this Instruction No. 5 for the reason that it submits to the jury the question as to whether or not Anderson had entered upon his day's work. Appellant contends that there was no evidence from which the jury might draw such an inference. We think there was evidence in the record sufficient to warrant such an inference and there was no error in the giving of the above instruction.

We have examined the other instructions tendered by the appellant and refused, and without extending

this opinion, it is our belief that there was no reversible error committed by the court in the giving of the instructions, or in the refusal of those tendered.

In view of the injuries sustained, we cannot say as a matter of law that the damages assessed are excessive. There was accordingly no error in overruling the appellant's motion for new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.